### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**MAKENZEE MASON**
c/o Leeseberg Tuttle
175 South Third Street, Penthouse 1
Columbus, Ohio 43215

        Plaintiff,

    vs.

**BLOOM-CARROLL LOCAL SCHOOL
DISTRICT**
5240 Plum Road
Carroll, Ohio 43112

and

**BLOOM-CARROLL LOCAL SCHOOL
DISTRICT BOARD OF EDUCATION**
5240 Plum Road
Carroll, Ohio 43112

and

**SHAWN HAUGHN**
4936 Mason Road NW
Canal Winchester, Ohio 43110

and

**CHAD LITTLE**
10840 Lithopolis Road NW
Canal Winchester, Ohio 43110

and

**NATHAN CONRAD**
6152 Fairway Drive
Carroll, Ohio 43112

and

|  |  |
|---|---|
| Case No: 2:22-cv-_____ | |
| District Judge_____ | |
| **COMPLAINT AND JURY DEMAND** | |

1

**JAN WISECARVER**
7475 Woodale Drive
Carroll, Ohio 43112

and

**CYNTHIA FREEMAN**
1853 Bent Creek Drive
Lancaster, Ohio 43130

and

**OHIO DEPARTMENT OF EDUCATION**
25 South Front Street
Columbus, Ohio 43215

Defendants.

Now comes Plaintiff, by and through counsel, and for her Complaint states as follows:

## PARTIES

1.     Plaintiff Makenzee Mason ("Makenzee") is a 20-year-old female who attended Bloom-Carroll High School (hereinafter "BCHS") from 2016 through 2020.

2.     Defendant Bloom-Carroll Local School District (the "District") and Defendant Bloom-Carroll Local School District Board of Education (the "Board") are entities located in the State of Ohio which operate and maintain a public school system in Fairfield County, Ohio. BCHS is one of their public schools.

3.     Defendant Shawn Haughn (hereinafter "Haughn") is a resident of Canal Winchester, Fairfield County, Ohio, and was, at all times relevant, the Superintendent for the District. Haughn was an employee and agent of the District when he obtained information and committed acts, omissions, failures to act, and reckless and wanton

conduct described elsewhere in this Complaint. Haughn is being sued in both his individual and official capacities.

4.      Defendant Chad Little (hereinafter "Little") is a resident of Canal Winchester, Fairfield County, Ohio, and was, at all times relevant, the Athletic Director for the District. In addition, Little served as the Girls High School Basketball Coach at BCHS until the end of the 2018-2019 season, Makenzee's Junior year.  Little was an employee and agent of the District, as well as a member of the District's leadership and administration, when he obtained information and committed acts, omissions, failures to act, and reckless and wanton conduct described elsewhere in this Complaint. Little is being sued in both his individual and official capacities.

5.      Defendant Nathan Conrad (hereinafter "Conrad") is a resident of Carroll, Fairfield County, Ohio, and was, at all times relevant, the Principal of BCHS. Conrad was an employee and agent of the District when he obtained information and committed acts, omissions, failures to act, and reckless and wanton conduct described elsewhere in this Complaint. Conrad is being sued in both his individual and official capacities.

6.      Defendant Jan Wisecarver (hereinafter "Wisecarver") is a resident of Carroll, Fairfield County, Ohio, and was, at all times relevant, the Vice Principal of BCHS. Wisecarver was an employee and agent of the District when he obtained information and committed acts, omissions, failures to act, and reckless and wanton conduct described elsewhere in this Complaint. Wisecarver is being sued in both his individual and official capacities.

7.      Defendant Cynthia Freeman (hereinafter "Freeman") is a resident of Lancaster, Fairfield County, Ohio, and was, at all times relevant, the Title IX Coordinator

for the District. Freeman was an employee and agent of the District when she obtained information and committed acts, omissions, failures to act, and reckless and wanton conduct described elsewhere in this Complaint. Freeman is being sued in both her individual and official capacities.

8.     Defendant Ohio Department of Education ("ODE") is an Ohio governmental agency, responsible for the public education system in the State, including oversight of educators and public school districts throughout the State. ODE is responsible for investigating complaints of inappropriate behavior by educators, coaches, and administrators, including allegations of inappropriate contact with students and romantic/sexual relationships with students. ODE is further responsible for issuing reprimands, sanctions, and other similar discipline to educators, coaches, and administrators who are found to have engaged in conduct unbecoming of the teaching profession.

### JURISDICTION AND VENUE

9.     This Court has jurisdiction over the federal claims in this case pursuant to 28 U.S.C. § 1331 and over the state claims pursuant to 28 U.S.C. § 1367(a).

10.     Venue in this Court is appropriate as the actions giving rise to Plaintiff's claims occurred in Fairfield County, Ohio, within this district, and all Defendants reside within the district.

### FACTUAL BACKGROUND

11.     Makenzee was a student at BCHS during the following school years: 2016-2017, 2017-2018, 2018-2019, and 2019-2020. She graduated from BCHS in 2020.

12.     As a student at BCHS, Makenzee was owed a duty by Defendants to be protected from harm, including from sexual abuse at the hands of her teachers, coaches, and administrators.

13.     During the 2017-2018 school year, Makenzee was a 16-year-old sophomore at BCHS who participated in girls varsity sports, including basketball.

14.     At that time, Little was the head coach of the varsity girls basketball team, of which Makenzee was a member.

15.     During the 2017-2018 school year, Little commenced aggressive grooming of Makenzee for a sexual relationship, while at the same time creating a co-dependency relationship.

16.     Such grooming consisted of spending an inordinate amount of time with Makenzee, including in his athletic director office on the campus of the District's middle school, inviting her to his private home, and communicating with her extensively by private calls and text messaging, including extremely inappropriate and private inquiries about Makenzee's personal life.

17.     On information and belief, Little routinely would engage in private text messaging with his basketball players, who were also minor children, in the years before and after his inappropriate communications with Makenzee.

18.     As athletic director, Little was also well aware that many of his coaches at BCHS engaged in private text messaging with players. This information was also known to Haughn, as Superintendent, who acknowledged that this type of behavior would end up getting these coaches into trouble. Despite this acknowledgement, neither Haughn, nor Little, ever reported or investigated these inappropriate actions by BCHS coaches

under their supervision.

19.     Private text messaging with students was a clear and direct violation of District and Board policy, which prohibits "fraternization between District staff and students via [ ] text messaging…" (District policy GBH and JM).

20.     Little's grooming of Makenzee was so open and obvious that other BCHS students and staff believed there was a physical relationship between the two of them. Little was even questioned by other basketball players about Little's grooming and abuse of Makenzee.

21.     On March 2, 2018, while Makenzee was still a minor, Little exploited the opportunities enabled by Defendants and escalated his grooming of Makenzee to a physical relationship, engaging in inappropriate physical contact of Makenzee on the team bus, returning from a playoff basketball game.

22.     Immediately thereafter, Little's text messaging to Makenzee became overtly sexual in nature, and his grooming again escalated.

23.     Little's grooming of Makenzee eventually escalated to the point where they engaged in sexual activity, initially in Little's office following basketball games.

24.     At all times relevant to the sexual abuse by Little, Makenzee was either 16 or 17 years old; Little was 41 years old when the abuse of Makenzee started.

25.     Little's abuse of Makenzee continued for more than two years, until she left for college in 2020. Little would engage in sexual abuse both on school property and at his private home.

26.     In addition to sexual abuse, Little engaged in physical aggression and violence toward Makenzee.

27.     During the pattern of grooming and escalation of Little's sexual aggressiveness, Makenzee felt helpless to stop the advances for fear of adverse consequences or retaliation by Little and Defendants.

28.     Specifically, Little coerced and pressured Makenzee, stating that if anyone found out what they were doing, "I will go to jail," "I will lose my kids," and "I will kill myself." He would also coerce and accomplish his sexual assaults by use of physical violence, such as choking, hitting, and restraint.

29.     On information and belief, Little's inappropriate contact with students/minors, including sexual activity, began early on in his employment with the District in 2006. During all acts of abuse and inappropriate behavior by Little, he was serving in District administration, as athletic director.

30.     Little's inappropriate relationships with students were common knowledge at BCHS, discussed throughout the school hallways, lunchrooms, and even in the presence of teachers and staff, who often participated in the conversations.

31.     Defendants formally became aware of Little's inappropriate contact with students/minors on countless occasions, including, but not limited to:

   a.   In 2013, a formal complaint was made by a parent of a student-athlete to the Superintendent of the District, relating to Little text messaging with the student. Both Little and the Superintendent believed the text message to be "inappropriate as a correspondence between the athletic director/coach and a student athlete." As a result, the Superintendent at the time issued a letter of reprimand on August 27, 2013, requiring Little to send all future text messages to the entire team, and mandated "no future individual

texting with students." Little was also told "any future incidents that are substantiated will result in the non-renewal of your coaching contract…"

b. In 2013, formal complaints were made to District administration and ODE about an inappropriate relationship with a student-athlete.

c. In 2013, formal complaints were made to the Carroll Police Department and Fairfield County Sheriff's Office, who reported the complaints to the District. The complainant/student - a BCHS freshman at the time - was pulled out of class and brought into an office with three law enforcement officers, the interim principal, and numerous other administrators of the District. The student described Little's inappropriate behavior, including gross sexual and predatory behavior directed at another student-athlete and his questioning of the student herself about female reproductive issues in his private office. During this meeting, the interim principal continually cut-off the student and told law enforcement that she "didn't know what she was talking about" and that issues she was discussing "were already handled." The administrators were entirely dismissive of, and indifferent to, the student's complaints.

d. In 2015, a complaint was made to District administration regarding inappropriate text messages with students relating to alcohol. Specifically, Little sent a text message to a 16-year old student-athlete telling her that he had some beers in the trunk and asked if she wanted to get together after the game to hang out. Instead of having his coaching contract terminated or non-renewed (as the 2013 reprimand indicated would happen) or

further discipline, Little received yet another "warning letter" for this inappropriate behavior.

e.  In 2017, a complaint was made to District administration and the Board, regarding Little being seen in public, alone with a students/minors, with photographs submitted to corroborate the acts. Little would frequently take individual female students to dinner and purchase flowers for them. This behavior was well-known in the District, even without it being brought to the Board's attention.

f.  In 2018, a complaint was made to ODE, regarding a female student, a minor, who was living in Little's private home.

g.  In 2019, multiple complaints were made to the District and ODE about Little's inappropriate conduct with Makenzee, as detailed herein. Rather than appropriately disciplining Little, Haughn opted to have Little read some articles and write an essay about professional boundaries. Little did not lose his coaching or administrative position as a result of this, yet again, repeated inappropriate behavior, for which he had previously been reprimanded multiple times.

32.  Despite all these complaints about Little, Defendants failed to properly investigate any of these (or other) complaints, took no disciplinary action relative to these complaints, and failed to supervise Little appropriately following those complaints, all of which permitted Little's inappropriate grooming and abuse to continue unimpeded, including with Makenzee.

33.     The 2019 complaints to ODE included allegations that Little "Exchanged inappropriate text messages with student" and "Exchanged inappropriate text messages with student that indicated possible physical relationship."

34.     Based on the 2019 complaints, ODE was aware of a "possible physical relationship" between Makenzee and Little.

35.     Despite ODE's awareness of a "possible physical relationship," ODE proceeded to engage in a woefully inadequate investigation into the allegations.

36.     On information and belief, ODE failed to subpoena or otherwise obtain information from Little that would have readily revealed the inappropriate physical relationship between Makenzee and Little.

37.     On information and belief, during the course of investigating Little, ODE suffered a data breach, resulting in private educator data (such as addresses, phone numbers, and social security numbers) becoming public. Little was made aware of the data breach, as was Haughn. Both were asked by ODE to keep knowledge of the data breach confidential, as ODE feared the consequences of this significant accidental disclosure of data.

38.     Out of concern for what Little or Haughn would do with evidence of the data breach, ODE proceeded to conduct a substandard investigation into the 2019 complaints, and ultimately offered Little insignificant discipline, in the form of a stayed 6-month suspension. This discipline was memorialized in a Consent Agreement, signed by Little in September of 2020.

39.     The investigation by ODE was conducted in a reckless manner, which was completely inadequate to identify the nature and scope of Little's wrongdoing, and

which failed to protect BCHS students, like Makenzee, from further abuse by Little.

40.     During Little's stayed suspension, he continued to engage in inappropriate behavior, which he and Defendants failed to report as required by the Consent Agreement.

41.     In 2021, Defendants again received multiple complaints about Little's behavior, which were made verbally to Haughn on at least two occasions, raising concerns about Little's "well-known" relationships with students. Haughn dismissed these complaints as mere "rumors", and conducted no further investigation into Little, despite the existence of the Consent Agreement.

42.     In July of 2022, Makenzee was able to gain the courage to disclose Little's abuse to her family, and ultimately the matter was reported to the Ohio Department of Education and law enforcement.

43.     As of September of 2022, Little has been charged with four (4) counts of sexual battery by the Fairfield County prosecutor, relating to his abuse of Makenzee.

44.     Defendants were actually or constructively aware of Little's sexual abuse of Makenzee, throughout the course of the abuse, by virtue of Little's role as athletic director for the District (an administrator). As athletic director, Little failed to appropriately supervise his coaching staff, and report ongoing abuse of which he was clearly aware.

45.     Defendants routinely dismissed complaints about Little as rumors, which have been ongoing for at least a decade. As a result of such dismissive attitudes, these complaints were never appropriately evaluated by Defendants, who engaged in reckless indifference to the complaints and the victims of Little.

46.     The Board is responsible for providing public education to minor children, including Makenzee, through (a) oversight and supervision of all school functions, school property, and school student programs, including athletics; and (b) hiring, supervision, management, and assignment, control and regulation of individuals who serve as staff members, including but not limited to athletic coaches, as well as the review and supervision of curricula developed by the District, schools, teachers, and coaches.

47.     The Board is also responsible for all policies and procedures within the District, including at BCHS. This responsibility includes supervision and discipline of teachers, administrators, athletic coaches, and support staff, including but not limited to Defendant Little.

48.     The sexual grooming and abuse of Makenzee occurred while she was under the control of Little, in areas of the school to which Little had access by virtue of his position as basketball coach and athletic director.

49.     Defendants are legally mandated by R.C. 2151.421 to report child abuse or neglect.

50.     Defendants knowingly, recklessly, and maliciously chose to ignore their legal responsibility to report the abuse of Makenzee, in an effort to protect the District and the individual Defendants, including Little, the abuser.

51.     Defendants conduct in knowingly and recklessly refusing to abide by the clear edicts of Ohio's mandatory reporting laws, permitted Little's sexual harassment and abuse of Makenzee to continue.

52.      Despite knowledge of Little's inappropriate contact and relationship with Makenzee, Defendants nevertheless: (a) permitted Little to have unsupervised contact with female student athletes before, during, and after school hours; (b) failed to report to law enforcement the acts of Little that constituted sexual harassment, sexual grooming, sexual abuse, and illegal sexual contact with a minor female student athlete; (c) failed to competently investigate complaints about defendant Little's inappropriate conduct; (d) failed to comply with the duties set forth in the District's policies and procedures, and Ohio and Federal law; (e) actively and purposely concealed Defendant Little's sexual harassment, sexual grooming, and sexual abuse of Makenzee; (f) were deliberately indifferent to the safety, security, and well-being of female student athletes at BCHS; (g) prevented Makenzee from receiving an education without being subject to sexual harassment, sexual grooming, and sexual abuse; and (i) promoted school policies that fostered a climate to flourish where innocent female athletes, including Makenzee, were victims of sexual abuse.

53.      The District and/or Board receive Federal funding.

**PLAINTIFF'S CLAIMS FOR RELIEF AGAINST DEFENDANTS**

**Count I:      Violation of Title IX, 20 U.S.C. §1681, *et seq*.**

54.      Plaintiff incorporates her previous allegations as if fully rewritten.

55.      Title IX of the Education Amendments of 1972 requires that "No person… shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"

56.     At all relevant times, the District and/or Board were federal funding recipients and therefore are amendable to suit for violations of Title IX.

57.     At least by 2013, the District and/or Board possessed actual or constructive knowledge that it could be liable under Title IX for teacher-on-student (or coach-on-student athlete) sexual harassment, sexual grooming, sexual discrimination, and sexual abuse.

58.     At least by 2013, the District and/or Board possessed actual knowledge of Little's sexual harassment, grooming, discrimination, and abuse of students at BCHS.

59.     At least by 2013, the District and/or Board possessed actual knowledge that Little had a high potential to sexually abuse female students.

60.     Little's sexual harassment and abuse of Makenzee, occurring from 2018-2020 was sexual discrimination under Title IX, which she suffered as a condition of her receiving an education at BCHS.

61.     Upon information and belief, certain District administrators and Board members had a close relationship with Little, such that a reasonable inference can be made as to their knowledge of the abuses committed by Little.

62.     Numerous complaints about Little's inappropriate behavior with students, including members of the basketball team, indicate the knowledge of Little's abuse of students, including Makenzee.

63.     Upon information and belief, District administrators – including Defendants herein – had knowledge of and/or were willfully blind to the abuses committed by Little.

64. The District and/or Board failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety of Makenzee in one or more of the following ways: (a) failing to report teacher-on-student sexual harassment, sexual grooming and sexual abuse to appropriate authorities; (b) failing to cure or even attempt to cure obvious and known risks to minor female students at BCHS placed under Little's supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Little; (d) allowing Little to have unsupervised contact with minor female students, including Makenzee, without conducting, documenting, and concluding a competent investigation into the allegations and specific facts brought to light prior to that time; and (e) allowing Little to have unsupervised access to various rooms and areas at BCHS and other facilities in the district, including the middle school, where the abuse took place.

65. The deliberate indifference, actions, and omissions described above caused Makenzee to suffer criminal sexual abuse by Little, starting in 2018.

66. The District and/or Board had certain duties and requirements under Title IX, including but not limited to, ending the abuse, conducting an independent investigation of complaints, and provide supportive measures to abused students.

67. Title IX requires the District and/or Board to provide educational opportunity on an equal basis to all students regardless of their gender.

68. The District and/or Board failed to comply with Title IX in that despite prior reports of misconduct, the District and/or Board continued to allow Little

unsupervised access to minor female students and access to certain rooms and areas where Little had the privacy to carry out the sexual abuse of minor female students, including Makenzee.

69.     The District and/or Board failed to comply with Title IX in that it failed to ensure that the education provided to minor female students would be on an equal basis compared to the education provided by the District and/or Board to minor male students.

70.     The District and/or Board failed to end the abuse as required by Title IX.

71.     To date, the District and/or Board have failed to conduct any appropriate investigation of the abuse as required by Title IX.

72.     The District and/or Board have failed to provide supportive measures to students, including Makenzee, as required by Title IX.

73.     The District and/or Board's failures and deliberate indifference to Little's actions, constitute sex discrimination and a violation of Title IX.

74.     20 U.S.C. § 1981 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 20 USC § 1981.

75.     As a direct and proximate result of the conduct of the District and/or Board as described herein, Makenzee has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, severe anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional

distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) loss of income and/or impairment of earning capacity.

**Count II:** **42 U.S.C. § 1983 (Administration: Haughn, Little, Conrad, Wisecarver, and Freeman)**

76.     Plaintiff incorporates her previous allegations as if fully rewritten herein.

77.     Prior to Plaintiff's abuse by Little, Defendants Haughn, Little, Conrad, Wisecarver, and Freeman (collectively "Administration") knew or reasonably should have known that Little exhibited dangerous propensities and was a threat of harm to minor female students, including Makenzee.

78.     Administration was uniquely aware of Little's propensity to commit acts of sexual harassment, sexual grooming, sexual abuse, or misconduct against minor female students, including Makenzee, making Little's future misconduct and the harm that was likely to result from that future misconduct reasonably foreseeable to Administration.

79.     Administration was uniquely aware that Little had used District property to perpetrate acts of sexual harassment, sexual grooming, sexual abuse, and/or misconduct against minor female students to which Little had access by and through his employment with the District.

80.     Administration turned a blind eye to complaints of sexual harassment, sexual grooming, sexual abuse, and misconduct, ignored complaints, failed to respond to allegations of misconduct, and acted with deliberate indifference to the rights of minor female students, including Makenzee.

81.    Makenzee was deprived of her constitutional liberty and equal protection interests under the Fourteenth Amendment by Administration's creation and promotion of policies, customs, or practices that fostered a climate to flourish where minor female students, including Makenzee, were left vulnerable to and actually were subject to sexual abuse, sexual grooming and sexual harassment by Little, an agent, servant, employee, and/or administrator of the District.

82.    The conduct of Administration was arbitrary and offensive, shocking the conscience and interfering with minor female students', including Makenzee's, rights and liberties granted by the Constitution and protected by law.

83.    42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses, and attorney's fees as within the remedies available in an action brought pursuant to 42 U.S.C. § 1983.

84.    As a direct and proximate result of the conduct of Administration as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, severe anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) loss of income and/or impairment of earning capacity.

85.    The conduct of Administration constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Makenzee and other minor female students.

86.     Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Administration and to deter like conduct.

**Count III:     42 U.S.C. § 1983 (District and Board)**

87.     Plaintiff incorporates her previous allegations as if fully rewritten herein.

88.     The District and Board established, through both action and inaction, a widespread policy, practice or custom of allowing sexual harassment, sexual grooming, sexual abuse, and misconduct to continue to occur without corrective action.

89.     Such policy, practice or custom includes, but is not limited to: (a) failing to report teacher-on-student sexual harassment, sexual grooming, and sexual abuse to appropriate authorities; (b) failing to cure or even attempt to cure obvious and known risks to minor female students at BCHS placed under Little's supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Little; (d) allowing Little to have unsupervised contact with minor female students, including Makenzee, without conducting, documenting, and concluding a competent investigation into the allegations and specific facts brought to light prior to that time; (e) allowing Little to have unsupervised access to various rooms and areas at District facilities while having absolutely no effective plan for supervision or surveillance of Little.

90.     The District and Board established such policy, practice or custom which fostered a climate facilitating sexual abuse of minor students by Little and evidenced a

reckless disregard and/or a deliberate indifference to the consequence that such action or inaction may, and did, have on minor female students at BCHS, including Makenzee.

91.     Board members and District administrators, and Haughn in particular, had final policymaking authority of the District and exercised that granted authority in making decisions that perpetuated and/or allowed the sexual abuse of Makenzee by Little, and caused Makenzee's harm to occur and/or continue.

92.     Makenzee was deprived of her constitutional liberty interest and equal protection under the Fourteenth Amendment by the District and Board's creation and promotion of policies, customs, or practices that fostered a climate to flourish where minor female students, including Makenzee, were left vulnerable to and actually were subject to sexual abuse by Little, an agent, servant, employee, and/or administrator of the District.

93.     The District and Board's conduct was arbitrary and offensive, shocking the conscience and interfering with minor female students', including Makenzee's, rights and liberties granted by the Constitution and protected by law.

94.     42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses, and attorney's fees as within the remedies available in an action brought pursuant to 42 USC § 1983.

95.     As a direct and proximate result of the conduct of The District and Board as described herein, Makenzee has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, severe anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional

distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) loss of income and/or impairment of earning capacity.

96.     The conduct of the District and Board constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Makenzee and other minor female students.

97.     Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish the District and Board and to deter like conduct.

**Count IV:     42 U.S.C. § 1983 (Ohio Department of Education)**

98.     Plaintiff incorporates her previous allegations as if fully rewritten herein.

99.     ODE engaged in a woefully inadequate and reckless investigation into complaints about Little raised on numerous occasions throughout Little's employment with the District, most recently in response to the 2019 complaints.

100.     ODE's investigation resulted in either no discipline, or inadequate discipline, thereby allowing Little's abuses of Makenzee to continue.

101.     Further, ODE's failures resulted in ODE: (a) failing to report teacher-on-student sexual harassment, sexual grooming, and sexual abuse to appropriate authorities; (b) failing to cure or even attempt to cure obvious and known risks to minor female students at BCHS placed under Little's supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Little; (d) allowing Little to have unsupervised contact with minor female students, including Makenzee,

without conducting, documenting, and concluding a competent investigation into the allegations and specific facts brought to light prior to that time; (e) allowing Little to have unsupervised access to various rooms and areas at District facilities while neither having, nor recommending any effective plan for supervision or surveillance of Little.

102.    ODE's failures facilitated and permitted sexual abuse of minor students by Little and evidenced a reckless disregard and/or a deliberate indifference to the consequence that such action or inaction may, and did, have on minor female students at BCHS, including Makenzee.

103.    Makenzee was deprived of her constitutional liberty interest and equal protection under the Fourteenth Amendment by ODE's failures to complete an appropriate and thorough investigation into Little, leaving minor female students, including Makenzee, vulnerable to, and actually being subjected to, sexual abuse by Little.

104.    ODE's conduct was arbitrary and offensive, shocking the conscience and interfering with minor female students', including Makenzee's, rights and liberties granted by the Constitution and protected by law.

105.    42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses, and attorney's fees as within the remedies available in an action brought pursuant to 42 USC § 1983.

106.    As a direct and proximate result of the conduct of ODE as described herein, Makenzee has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, severe anxiety, anger, panic attacks and as a result thereof she has and will continue to

experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) loss of income and/or impairment of earning capacity.

107.    The conduct of ODE constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Makenzee and other minor female students.

**Count V:     Civil Assault and Battery – Childhood Sexual Abuse under R.C. 2305.111 (Little only)**

108.    Plaintiff incorporates her previous allegations as if fully rewritten herein.

109.    At all times relevant, Little was an administrator and coach in the District, and was employed by the District and/or Board.

110.    At all times relevant, Makenzee was a student enrolled in and attending BCHS, a school within the District, where Little was an administrator and coach.

111.    Little, without privilege to do so, committed assault and battery upon Makenzee as described herein.

112.    As a direct and proximate result of Little's assault and battery, Makenzee has suffered permanent and severe damages, outlined herein.

**Count VI:    Damages for Criminal Act under R.C. 2307.60 (Little only)**

113.    Plaintiff incorporates her previous allegations as if fully rewritten herein.

114.    Plaintiff has a cause of action under Ohio law for damages stemming from a criminal act.

115.    Little committed a sexual battery of Makenzee, and other criminal acts, on multiple occasions. Sexual battery is a crime under Ohio law, pursuant to R.C. 2907.03.

116.    As a direct and proximate result of Little's commission of sexual battery, Makenzee suffered injuries and damages.

117.    Specifically, as a direct and proximate result of the criminal acts of Little, Makenzee sustained severe and permanent injuries, including sleep disturbance, nightmares, depression, severe anxiety, anger, panic attacks and as a result thereof, she has and will continue to experience physical suffering, mental anguish, emotional distress, loss of enjoyment of life, medical and counseling expenses, and other damages.

**Count VII:    Negligence (All Defendants, but ODE)**

118.    Plaintiff incorporates her previous allegations as if fully rewritten herein.

119.    Little, while acting in the course and scope of his duties for the District, sexually groomed and, thereafter sexually abused, Makenzee, a minor in violation of R.C. 2907.03(A)(7)**.**

120.    Defendants negligently and recklessly disregarded complaints about Little's behavior and actions toward Makenzee and other students.

121.    Defendants had independent duties to report any abuse allegations or suspicious conduct of Little, pursuant to R.C. 2151.421 and other Ohio law.

122.    Defendants breached their respective duties to report such sexual abuse of a student pursuant to R.C. 2151.421.

123.    Defendants joint and several actions constitute negligence per se and, therefore, are exempt from application of R.C. 2744, et seq. pursuant to R.C. 2744.02(B)(5).

124.     Defendants, through their agents and employees, negligently and recklessly failed to report said sexual abuse of Makenzee, by Little, despite actual and/or constructive knowledge of the abuse.

125.     Defendants negligently and recklessly failed to properly investigate complaints relating to Little's abuse of Makenzee.

126.     Defendants acted in bad faith, and/or in a wanton or reckless manner with respect to complaints about Little's abuse of Makenzee.

127.     Makenzee's injuries and damages were a direct and proximate result of Defendants' respective negligence, wanton misconduct, and recklessness.

128.     As a direct and proximate result of the conduct, actions, failures to act, and inactions of the Defendants as described herein, Makenzee sustained severe and permanent injuries, including sleep disturbance, nightmares, depression, severe anxiety, anger, panic attacks and as a result thereof, she has and will continue to experience physical suffering, mental anguish, emotional distress, loss of enjoyment of life, medical and counseling expenses, and other damages.

**Count VIII:   Intentional Infliction of Emotional Distress (All Defendants, but ODE)**

129.     Plaintiff incorporates her previous allegations as if fully rewritten herein.

130.     Defendants either intended to cause emotional distress or knew or should have known that their action and inaction would result in serious emotional distress to Makenzee.

131.     The aforesaid conduct of Defendants was extreme and outrageous, going beyond all possible bounds of decency and should be considered utterly intolerable in a civilized community.

132. As a direct and proximate result of Defendants' outrageous conduct, Makenzee has suffered serious and severe emotional distress that no reasonable person can be expected to endure.

**Count IX:** **Negligent Infliction of Emotional Distress (All Defendants, but ODE)**

133. Plaintiff incorporates her previous allegations as if fully rewritten herein.

134. Defendants action and inaction, described herein, relating to Makenzee was negligent.

135. Makenzee suffered serious emotional distress, which was a direct and proximate result of the negligence of Defendants.

136. The serious emotional distress of Makenzee was reasonably foreseeable by the Defendants at the time.

137. As a direct and proximate result of Defendants' negligent infliction of emotional distress, Makenzee suffered damages as set forth herein.

**Count X:** **Wanton or Reckless Conduct (Administration)**

138. Plaintiff incorporates her previous allegations as if fully rewritten herein.

139. The conduct of Administration described above was wanton and reckless.

140. As a direct and proximate result of Administration's wanton or reckless conduct, Makenzee has suffered the damages outlined above.

**WHEREFORE**, Plaintiff Makenzee Mason respectfully demands judgment against Defendants for compensatory damages in an amount to be determined by the jury, punitive damages, attorney fees, costs, and all other relief to which she may be entitled.

Respectfully Submitted,

 s/ Craig S. Tuttle
Gerald S. Leeseberg (0000928)
Craig S. Tuttle (0086521)
John A. Markus (0093736)
LEESEBERG TUTTLE
175 S. Third Street, Penthouse One
Columbus, Ohio 43215
Tel: 614/221.2223
Fax: 614/221.3106
Email: ctuttle@leeseberglaw.com
         jmarkus@leeseberglaw.com
*Trial Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiff hereby respectfully demands a jury on all issues so triable.

 s/ Craig S. Tuttle
Craig S. Tuttle