# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MAKENZEE MASON** | : | |
| | : | |
|     **Plaintiff,** | : | Case No. 2:22-cv-3668 |
| | : | |
| v. | : | **JUDGE GRAHAM** |
| | : | **MAGISTRATE JUDGE DEAVERS** |
| **BLOOM-CARROLL** | : | |
| **LOCAL SCHOOL DISTRICT,** *et al.* | : | |
| | : | |
|     **Defendants.** | : | |

## DEFENDANT OHIO DEPARTMENT OF EDUCATION'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant Ohio Department of Education ("ODE"), moves this Court to dismiss all claims against Defendant ODE in Plaintiff's Amended Complaint in their entirety. A Memorandum in Support follows.

    Respectfully submitted,

    **DAVE YOST (0056290)**
    **Ohio Attorney General**

    */s/ Kaitlyn M. Kachmarik*
    _____
    KAITLYN M. KACHMARIK (0095993)
    *Trial Counsel*
    ZOE A. SAADEY (0089181)
    Assistant Attorneys General
    Education Section
    30 East Broad Street, 16th Floor
    Columbus, Ohio 43215
    Telephone: (614) 644-7250
    Facsimile: (614) 644-7634
    Kaitlyn.Kachmarik@OhioAGO.gov
    Zoe.Saadey@OhioAGO.gov

    *Counsel for Defendant*
    *Ohio Department of Education*

**MEMORANDUM IN SUPPORT**

I. **STATEMENT OF FACTS**

Plaintiff Makenzee Mason is a former student of Bloom-Carroll High School, which she attended from 2016 to 2020. Doc. 10 ¶¶1, 11. At the time of the filing of the Complaint in October 2022, Plaintiff was 20 years old. Doc. 10, ¶1. While she was a high school student, Plaintiff participated in varsity sports including basketball, for which Defendant Little was the head coach. Doc. 10 ¶¶ 13, 14. Plaintiff alleges that during her sophomore year, Defendant Little commenced an inappropriate relationship with Plaintiff, which included spending an inordinate amount of time with her, privately contacting her, and engaging in a physical relationship with her. Doc. 10 ¶¶15,16, 21, and 22. Plaintiff alleges that Defendant Little engaged in this abuse for several years while she was a minor child, 16 or 17 years old, and that it continued until she left for college in 2020. Doc. 10 ¶¶24, 25.

In 2019, complaints were made to ODE regarding Defendant Little's conduct with Plaintiff. Doc 10 ¶¶31, 34. ODE investigated the allegations and imposed discipline on Defendant Little. It was not until July 2022 that Plaintiff herself disclosed Defendant Little's abuse to her family and her disclosure was reported to the Ohio Department of Education and law enforcement at that time. Doc. 10 ¶42.

II. **STANDARD OF REVIEW**

  A. **The Rule 12(b)(1) Standard.**

"When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, 'the plaintiff has the burden of proving jurisdiction in order to survive the motion.'" *Nichols v. Muskingum College*, 318 F.3d 674 (6th Cir. 2003) (quoting *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990)). When a defendant asserts that the plaintiff has not alleged sufficient facts in his complaint to demonstrate subject matter jurisdiction, the Court

must take the allegations in the complaint as true. *Id*. at 677. As will be more fully set forth below, Plaintiff's Amended Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### B. The Rule 12(b)(6) Standard.

A complaint that fails to state a claim upon which relief can be granted is subject to dismissal under Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must include sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding whether the complaint is plausible, the Court must interpret it in a light most favorable to the non-moving party, accept factual allegations as true, and give the plaintiff the benefit of reasonable inferences. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). However, the Court is not required to accept as true legal conclusions bereft of supporting factual allegations. *Iqbal*, 556 U.S. at 678.

A properly stated claim must also satisfy the pleading requirements in Fed. R. Civ. P. 8(a). Fed. R. Civ. P. 8(a)(2) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require detailed factual allegations ..." but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Id.* Also insufficient is a complaint which "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* As will be further set forth below,

Plaintiff's Amended Complaint fails to state a claim against Defendant ODE upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III. ARGUMENT

**A. Plaintiff's claim against the Defendant Ohio Department of Education is barred by sovereign immunity and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).**

It is black-letter law that the Eleventh Amendment protects nonconsenting States and their agents or instrumentalities from being subject to suit for monetary damages in federal court. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *see also Hans v. Louisiana*, 134 U.S. 1, 13 (1890). The protection from suit afforded by the Eleventh Amendment extends to complaints filed under 42 U.S.C. § 1983. *Moore v. City of Harriman*, 272 F.3d 769, 771 (6th Cir. 2001) (en banc). Moreover, the Eleventh Amendment to the United States Constitution, which prohibits federal courts from granting monetary judgments or injunctive relief against state agencies, bars any suit against the State of Ohio Defendants under § 1983. *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464 (1945); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 (1984) (holding "[i]t is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

The Ohio Department of Education is entitled to the benefit of sovereign immunity in this case. There can be no dispute that the ODE is an arm of the State of Ohio. Plaintiff herself states in her Amended Complaint that "Defendant Ohio Department of Education ("ODE") is an Ohio governmental agency…" Doc. 10 ¶8. And while a state may choose to waive sovereign immunity, *see Doe v. DeWine*, 910 F.3d 842, 848 (6th Cir. 2018), that has not occurred here. Any claim for damages against the State of Ohio Defendant Ohio Department of Education or its employees acting in an official capacity must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

4

### B. Plaintiff's amended complaint fails to state a claim against ODE and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

#### 1. Plaintiff's claim against Defendant ODE must be dismissed because ODE is not a "person" under 42 U.S.C. §1983.

In order to prove liability under § 1983, a plaintiff must allege that a defendant is a "person" who, acting under color of state law, deprived him of rights guaranteed by federal law. *Handy-Clay v. City of Memphis*, 695 F.3d 531 (6th Cir. 2012). However, for a defendant to be held liable under § 1983, the defendant has to fall within the statutory definition of a "person." The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Consequently, § 1983 claims do not lie against a state or its instrumentalities. *Russell v. University of Toledo*, 537 F.3d 596, 610 (6th Cir. 2008). It is therefore well-settled that the Ohio Department of Education and its employees acting in their official capacities have immunity. *Moss v. Columbus Bd. of Edn.*, S.D.Ohio No. 2:00-CV-855, 2001 U.S. Dist. LEXIS 27000 (Sep. 27, 2001). Therefore, they cannot be held liable under § 1983, and Plaintiff's claims against ODE as alleged in Count IV must be dismissed.

#### 2. Plaintiff's Title IX claim fails to state a claim for which relief can be granted.

Plaintiff's Count I alleges violation of Title IX. Doc. No. 10 ¶¶54-75. Every other claim in Plaintiff's Complaint specifically states against which Defendant/s the claim is being brought, but Count I does not. Furthermore, the claim itself only specifically references "the District and / or Board." However, out of an abundance of caution, Defendant ODE will address this claim as well.

As stated above, a claim must satisfy the pleading requirements in Fed. R. Civ. P. 8(a), which includes a short and plain statement but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v.*

5

*Twombly*, 550 U.S. 544, 557 (2007)). Here, Plaintiff's Count I makes no reference to any purported state action by ODE that violated Title IX. Nor does Plaintiff allege how ODE excluded Plaintiff from participation in any education program or activity receiving Federal financial aid on the basis of Plaintiff's sex. Therefore, Plaintiff fails to properly plead Count I against Defendant ODE as required under Fed. R. Civ. P. 8(a). To the extent this claim is brought against Defendant ODE, it must be dismissed for failure to state a claim.

### 3. Plaintiff's Title IX claim is barred by the applicable two-year statute of limitations.

The Sixth Circuit has recognized that Title IX does not itself provide a statute of limitations for Title IX claims. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728-729 (6th Cir. 1996) ("Neither Title VI nor Title IX provide a limitation period expressly pertaining to judicial proceedings, a failure occasioned, no doubt, by the fact that, for both statutes, private causes of action were implied by the courts"). Accordingly, courts apply "state personal injury limitation periods to Title IX and Title VI claims . . . ." *Id.* at 729. In Ohio, the statute of limitations for personal injury is two (2) years. *See* OHIO REV. CODE § 2305.10(A). Thus, the statute of limitation for a Title IX claim against an instrumentality of the State of Ohio, such as ODE, is two years. *See Lillard*, 76 F.3d at 729. Furthermore, Ohio has a tolling statute for minors, where the applicable statute of limitation does not begin to accrue until the individual reached the age of majority. *See* OHIO REV. CODE § 2305.16.

Even though Title IX borrows Ohio's personal injury statute of limitations, federal law determines when a Title IX claim accrues. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015); *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006); *Anderson v. Bd. of Educ. of Fayette Cty.*, 616 F.Supp.2d 662, 668 (E.D. Ky. 2009). A Title IX claim "accrues on the date when the plaintiff knew, or through reasonable diligence should have

known, of an injury giving rise to her cause of action." *Bowling v. Holt Pub. Schs,* 2017 U.S. Dist. LEXIS 189082, *3 (W.D. Mich. May 26, 2017) (citing *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001); *Anderson*, 616 F. Supp. 2d at 668 ("The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action") (quoting *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005)).

Here, at the time of the filing of the Complaint on October 12, 2022, Plaintiff was 20 years old. Doc. 1 ¶1; Doc. 10 ¶1. As set forth above, the statute of limitations for a cause of action under Title IX would start to accrue no later than the age of majority (accounting for O.R.C. §2305.16). Therefore, since the applicable statute of limitation is two years from the age of majority (age 18), the fact that Plaintiff was already 20 years old at the time of the filing of this Complaint demonstrates that she has exceeded the statute of limitations. This bars the relief she seeks, and the Title IX claim against Defendant ODE must also be dismissed on this basis.

### 4. Plaintiff fails to allege a plausible equal protection violation.

Plaintiff makes a passing reference to an equal protection violation in Count IV, but does not plead a separate claim on that basis. Doc. No. 10 ¶103. However, even viewing Plaintiff's allegations in the light most favorable to her, she fails to allege sufficient facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff's conclusory allegations are insufficient to support a plausible claim that Defendant ODE has violated the Equal Protection Clause. Accordingly, Defendant ODE is entitled to dismissal of any purported equal protection violation.

### IV. CONCLUSION

For the reasons stated above, Defendant ODE respectfully requests that the Court dismiss Plaintiff Makenzee Mason's Amended Complaint in its entirety against Defendant ODE.

Respectfully submitted,

**DAVE YOST (0056290)**
**Ohio Attorney General**

*/s/ Kaitlyn M. Kachmarik*
_____
KAITLYN M. KACHMARIK (0095993)
*Trial Counsel*
ZOE A. SAADEY (0089181)
Assistant Attorneys General
Education Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Telephone: (614) 644-7250
Facsimile: (614) 644-7634
Kaitlyn.Kachmarik@OhioAGO.gov
Zoe.Saadey@OhioAGO.gov

*Counsel for Defendant*
*Ohio Department of Education*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing *Defendant Ohio Department of Education's Motion to Dismiss Plaintiff's Amended Complaint* was electronically filed on December 9, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Kaitlyn M. Kachmarik*

KAITLYN M. KACHMARIK (0095993)
Assistant Attorney General