THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Makenzee Mason, | ) | CASE NO.: 2:22CV3668 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES L. GRAHAM |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | ELIZABETH PRESTON |
| Bloom-Carroll Local School District, et al., | ) | DEAVERS |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CHAD LITTLE'S MOTION TO STAY THE PROCEEDINGS WITH MEMORANDUM IN SUPPORT

Defendant Chad E. Little, proceeding *pro se*, hereby moves the Court to stay all proceedings pending the resolution of the directly-related criminal matter pending in the Fairfield County Court of Common Pleas captioned *State of Ohio v. Chad Little*, 2022 CR 00492. A memorandum in support of this motion follows below.

**Memorandum in Support**

I. **LEGAL STANDARD**

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citations omitted). This inherent authority includes the "broad discretion in determining whether to stay a civil action while a criminal action is pending." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d. 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). While not compelled


to do so, a court may exercise "its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice seem to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense." *United States Sec. & Exch. Comm'n v. Abdallah*, 313 F.R.D. 59, 64 (N.D. Ohio 2016) (internal citations and quotations omitted).

With that said, "nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment," and "there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings." *Id.* (internal citations omitted). In fact, "[a] stay of civil proceedings due to a pending criminal investigation is an extraordinary remedy," *United States v. Ogbazion*, No. 3:12–cv–95, 2012 WL 4364306, at *1 (S.D.Ohio Sept. 24, 2012) (internal quotation marks omitted).

Courts commonly consider six factors in evaluating the type of stay requested in this matter: (1) the extent of the overlap of issues between the criminal and civil case; (2) the status of the criminal case, including whether an indictment has been handed down; (3) a weighing of the private interests of the plaintiff in proceeding expeditiously against the prejudice to plaintiff caused by the delay; (4) the private interests of and the burden on the defendant; (5) the interests of the Court; and (6) the public interest. *E.M.A. Nationwide*, 767 F.3d at 627. An overarching issue often considered in evaluating these factors is "the extent to which the defendant's fifth amendment rights are implicated." *Id.*

"The most important factor is the balance of the hardships, but the district courts must also consider whether granting the stay will further the interest in economical use of judicial time and resources." *Id.* (internal quotations and citations omitted). As the party

seeking a stay, Defendant Little bears the burden "to show that there is a pressing need for delay." *Id.* at 627–28 (quoting *Ohio Env't Council v. United States Dist. Court, S. Dist.*, 565 F.2d 393, 396 (6th Cir. 1977)). Defendant must also establish "that neither the other party nor the public will suffer harm from entry of the order." *Ohio Env't Council*, 565 F.2d at 396.

## II. ANALYSIS

### 1. Overlap of the Issues

"The similarity of the issues underlying the civil and criminal actions is considered the most important *threshold* issue in determining whether or not to grant a stay." Chao, 498 F. Supp. at, 1039(emphasis added)(quoting *In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at * 3 (E.D.Pa. May 13, 2003)). This is true because "[i]f there is no overlap, then there would be no danger of self-incrimination and no need for a stay." *Metzler v. Bennett*, No. 97-CV-148 (RSP/GJD), 1998 WL 187454, at *6 (N.D.N.Y. Apr. 15, 1998).

The pending complaint contains issues that directly overlap with the criminal action. While the entirety of the complaint centers upon the same allegations that resulted in the criminal indictment, Count VI in particular specifically raises a claim for damages for an alleged criminal act. Due to the direct overlap of issues, Defendant posits that this factor weighs in favor of a stay.

### 2. Status of Criminal Case

"[C]ourts generally do not stay proceedings in the absence of an indictment." *E.M.A. Nationwide*, 767 F.3d at 628. Accordingly, a stay is most appropriate where a party to the civil case has been indicted for the same conduct because (1) "the likelihood

3

that a defendant may make incriminating statement is greatest after an indictment has issued; and (2) the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act consideration." *Id.* (quoting *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

Here, Defendant Little was indicted for the same conduct that forms the basis of the complaint on September 29, 2022. A pretrial conference is set in the criminal matter for December 1, 2022, and a jury trial is currently scheduled for February 7, 2023. Given the fact ha all Defendants in this matter have executed waivers of service, responsive pleadings are not due until December 12, 2022. Accordingly, any delay occasioned by a stay will be minimal. As such, Defendant Little believes that this factor also favors a stay.

### 3. Weighing of Interests

Defendant Little will defer to the Court's analysis of Plaintiff's interests in proceeding expeditiously. However, in evaluating that interest, the Court should consider that the allegations in both the criminal and civil matters are focused upon a timeframe that spans from 2018 to 2020. Thus, there is little likelihood of prejudice to Plaintiff's case by virtue of the minor delay that would accompany the stay being sought.

### 4. Burden on Defendant

When evaluating the private interests and burden on Defendant Little, "it should come as no surprise that defending multiple actions simultaneously imposes substantial burdens on Defendant[] that might induce [him] to resolve one or both cases for reasons having little to do with the merits. *Sec. & Exch. Comm'n v. Bongiorno*, No. 1:20-CV-

4

00469, 2022 WL 891811, at *3 (N.D. Ohio Mar. 28, 2022). Further, it is possible that Plaintiff "could use civil discovery to obtain evidence and information for use in the criminal prosecution, circumventing the protections of the Fifth Amendment." *Id.*

With respect to such a burden, Defendant Little notes that he was immediately placed on unpaid leave following his arrest on September 19, 2022. Defendant Little was then placed on house arrest and unable to obtain work privileges in any capacity until November 2, 2022. At the same time, Defendant Little is attempting provide for his two young children while simultaneously paying the costs of a criminal defense attorney. Full blown litigation in this civil matter will likely necessitate retaining additional counsel and further strain Defendant Little's resources. As resolution of the criminal matter could conceivably have profound impacts on Defendant Little's litigation strategy in this civil proceeding, he believes this factor also weighs in favor of a stay.

### 5. Court Interests

This factor involves consideration the Court's "docket management and the expeditious resolution of cases[.]" *Chao*, 498 F. Supp. 2d at 1039. Defendant Little asserts that resolution of the criminal matter may relieve many of the impediments that will be otherwise presented through discovery in this matter. While Defendant Little denies the allegations levied against him and intends to vigorously defend against them in all forums, a criminal conviction would establish certain facts in this matter, eliminating Fifth Amendment concerns.1 "The conviction of a civil defendant as a result of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil case[ ] and promote settlement of civil litigation not only by that

---

1 Defendant Little is not suggesting that his Fifth Amendment right would be removed, but discovery on certain facts would no longer be necessary if they were conclusively established via a conviction.

5

defendant but also by co-defendants who do not face criminal charges." *In re Worldcom, Inc. Sec. Litig.*, No. 02–CIV–3288 (DLC), 2002 WL 31729501, at *2 (S.D.N.Y. Dec. 5, 2002) (internal citation omitted). Finally, given the progress of the criminal proceeding, the impact on this Court's docket would be minimal.

### 6. Public Interest

The public undoubtedly has an interest in determining the validity of the allegations levied against Defendants in this matter. As noted above, resolution of the criminal matter may substantially advance such a determination on the most serious of those allegations. Further, resolution in the criminal proceeding will occur far before any resolution could occur in this matter. As such, allowing the criminal proceeding to proceed uninhibited by dates and deadlines in this matter will ultimately serve to assist in a more expeditious resolution of this matter.

### 7. Fifth Amendment Considerations

Defendant Little acknowledges that he "has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995)). While the law recognizes that this does not present an unconstitutionally coercive choice, such a holding should not change the balance of this factor in favor of Defendant Little. Instead, a stay "would eliminate the risk that [Defendant's] Fifth Amendment privilege against self-incrimination might be undermined, that criminal discovery might be expanded beyond the limits of Rule 16(b) of the Federal Rules of Criminal Procedure, and that either side might otherwise be prejudiced in advance of the criminal trial." *Abdallah*, 313 F.R.D. at 65.

6

**8. Balancing the Factors**

Defendant Little avers that a balancing of the factors above warrants a stay in the matter. It is not believed that any prejudice will accrue from a short delay to allow resolution of the criminal proceeding set for trial in February of 2023.

**III. CONCLUSION**

Based upon the above, Defendant Little humbly requests that the Court stay this matter pending resolution of the state court criminal proceeding. If the Court so desires, following the issuance of a stay, Defendant Little would provide updates on the progress of the state proceeding at whatever interval the Court determines is appropriate.

Respectfully submitted,

_____
Chad Little, *pro se*


**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December a copy of the foregoing document was submitted to the Clerk for filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The undersigned has endeavored to provide courtesy copy to existing counsel through known contact information.

_____
Chad Little, *pro se*