IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAKENZEE MASON<br><br>        Plaintiff,<br><br>vs.<br><br>BLOOM-CARROLL LOCAL SCHOOL DISTRICT, ET AL.<br><br>        Defendants. | Case No: 2:22-cv-3668<br><br>Judge James L. Graham<br>Magistrate Judge Elizabeth Preston Deavers |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT CHAD LITTLE'S MOTION TO STAY THE PROCEEDINGS, FILED DECEMBER 9, 2022 OR, ALTERNATIVELY PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S ENTRY GRANTING A STAY, FILED DECEMBER 12, 2022**

Plaintiff asks this Court to strike the Motion to Stay the Proceedings, filed on December 9, 2022 by Defendant Chad Little Defendant Little lacks standing to make such a request, as he has not filed any responsive pleading in this matter. Because Defendant Little has failed to properly file a responsive pleading, he is not permitted to file a "Motion to Stay" seeking to halt this entire litigation, *which involves seven (7) other Defendants who are not subject to criminal proceedings* relating to their acts or omissions at issue in this case. Accordingly, Defendant Little's Motion to Stay is a legal nullity and should not have been considered by this Court.

To the extent this Court believes Defendant Little has the legal right to seek a stay despite never having filed a responsive pleading, Plaintiff asks this Court to reconsider its December 12 Order, which granted Defendant Little's Motion the very next business day *and prior to Plaintiff having any opportunity to respond to the Motion*. Plaintiff objects to Defendant Little's attempts to unnecessarily delay these civil proceedings for the sole benefit of

1

the Defendants. As Defendant Little points out in his Motion, the test to be applied by this Court in weighing a requested stay is a "balancing test" examining numerous factors. A balancing test requires *consideration of both sides* and Plaintiff is entitled to be heard, rather than having her entire case halted without any consideration being given to her rights. This Court should review Plaintiff's arguments in opposition to the requested stay, as set forth herein, and reconsider its decision to order a complete stay of these proceedings, pending resolution of Defendant Little's criminal matter (which resolution may take years).[1]

Finally, in the event this Court, after considering Plaintiff's response to Defendant Little's Motion to Stay, nevertheless believes Defendant Little is entitled to relief, such relief should be in the form of a stay of *discovery as to Defendant Little only*. Defendant Little sets forth no appropriate basis upon which Plaintiff should be barred from conducting any discovery of the seven (7) other Defendants in this matter, in order to expeditiously prosecute her claims. Plaintiff's Brief in Support is attached hereto for this Court's consideration.

Respectfully submitted,

*s/ Craig S. Tuttle*
Gerald S. Leeseberg (0000928)
Craig S. Tuttle (0086521)
John A. Markus (0093736)
LEESEBERG TUTTLE
175 South Third Street, Penthouse One
Columbus, Ohio  43215
Tel: (614) 221-2223
Fax: (614) 221-3106
E-mail: ctuttle@leeseberglaw.com
            jmarkus@leeseberglaw.com
*Trial Attorneys for Plaintiff*

---

[1] Much of Defendant Little's Motion is based on the fallacious assertion that his criminal matter will be "done" following the February 7, 2023 trial date. This already appears to be a false premise, as Defendant Little made an oral motion for continuance of the trial date, during a December 22, 2022 pretrial hearing in the criminal matter.  The criminal court has yet to rule on that request, but it certainly indicates the February 7 trial date is not Defendant Little's desired "completion" for the criminal matter.

2

**Brief in Support of Motion to Strike, or Alternatively, Motion for Reconsideration**

In cases addressing the issue of whether a stay is appropriate in the setting of a parallel criminal investigation, the court is typically presented with a binary choice: Can a criminal *defendant* be compelled to provide discovery in a civil case? On that question, courts typically answer in favor of the plaintiff in the civil case, finding that the assertion of the Fifth Amendment cannot operate to halt plaintiff's prosecution of her case. In contrast, the ultimate issue raised by *Defendant Little's* request for a stay is whether a criminal defendant can *indefinitely* prohibit a civil plaintiff from conducting *any* discovery of *any* person, party, or thing in a civil case, simply because the criminal defendant might assert the Fifth Amendment.

Defendant Little seeks an *indefinite* stay of this case until after he attempts to defend himself against criminal charges, through to a final resolution, and implicitly, until Defendant Little exhausts any and all appeals of such criminal matters. While Defendant Little is free to assert the Fifth Amendment, in order to protect his criminal rights, he should not be permitted to prevent Plaintiff from conducting discovery of the numerous other Defendants and any other relevant witnesses, including employees of Defendant Bloom-Carroll Local School District (the "District") with relevant knowledge, in order to prosecute the claims asserted against the Defendants herein. At this point in the case, Plaintiff does not seek to take the deposition testimony of Defendant Little, nor has any written discovery been issued to him. Thus, he has not even been presented with the choice between defending himself fully in this case, or asserting his Fifth Amendment privilege against self-incrimination.

I.     **RELEVANT FACTUAL BACKGROUND**

From March 2018 through August 2020, Defendant Little carried on an inappropriate, sexual relationship with Plaintiff Makenzee Mason, a student at Bloom-Carroll High School, where Defendant Little was an administrator. Plaintiff was also a player on the girls' basketball

3

team, which Defendant Little coached. As a result of that illegal sexual conduct, Defendant Little was charged with four counts of sexual battery in the Fairfield County Court of Common Pleas, and was arrested on September 20, 2022. Trial of Defendant Little's criminal matter was initially set to commence on February 7, 2023. However, on December 22, 2022, the Fairfield County Court of Common Pleas held a criminal pretrial wherein Defendant Little orally requested a *continuance* of that trial date, indicating no desire for the criminal matter to proceed to trial in the next few months.

Plaintiff filed her Complaint on October 12, 2022, asserting claims against Defendant Little, as well as numerous additional defendants, including the District, various administrators within the District, and the Ohio Department of Education ("ODE"). An Amended Complaint was filed on November 21, 2022, to correct the name and address of one individual Defendant. (Doc. #10.) After executing waivers of service, most Defendants were required to file a responsive pleading by no later than December 12, 2022.

ODE filed a Rule 12 Motion to Dismiss on December 9, 2022. (Doc. #15.) Following that filing, Defendant Little filed his Motion to Stay Proceedings on December 9, 2022. (Doc. #16.) The very next business day, without any response from Plaintiff (or the co-Defendants), this Court granted Defendant Little's request for a stay of the entire proceedings "for good cause shown…pending resolution" of the criminal matter. (Doc. #17).

In his request for a stay, Defendant Little cited to his Fifth Amendment privilege against self-incrimination, as the underlying rationale for seeking a stay of this matter. However, Plaintiff has not served and is not seeking to serve any discovery upon Defendant Little, nor is Plaintiff seeking to take the deposition of Defendant Little, either of which would force him to choose between asserting his Fifth Amendment privilege and responding to civil discovery.

4

Though Plaintiff has yet to issue any discovery in this matter, as no party had filed a responsive pleading, this case will clearly involve extensive discovery of parties and witnesses, including numerous employees of the District. None of that discovery implicates Defendant Little's Fifth Amendment privilege or rights in the criminal case, and can be conducted during the pendency of the criminal case, without issue. Defendant Little nevertheless seeks to prevent his victim – Makenzee Mason – from exercising her legal right to conduct discovery into how the actions (or inaction) of the other Defendants in this matter allowed Defendant Little to engage in a course of inappropriate behavior with students and players, for so many years before he engaged in sexual abuse of Plaintiff. A stay of these proceedings is not warranted, and would be extremely harmful to Plaintiff, to the Court, and to the public.

## II.     MOTION TO STRIKE DEFENDANT LITTLE'S MOTION TO STAY PROCEEDINGS

The only proper response to a Complaint is a responsive pleading or a Rule 12 motion. This principle is so clearly established, that this Court's own "Guide for *Pro Se* Civil Litigants" states "once the defendant is served, several things may happen: the defendant may file an answer, the defendant may file a motion, or the defendant may do nothing." (Guide for *Pro Se* Civil Litigants, available electronically at link in footnote.)[2] With regard to the "Defendant Files a Motion" option, this Court's guidance to *pro se* litigants (like Defendant Little) clearly states "the different types of motions are listed in Fed. R. Civ. P. 12." (Guide for *Pro Se,* at 12.) Notably, Rule 12 does not permit a "Motion to Stay Proceedings."

Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(ii), a defendant must serve an answer within 60 days after the request for waiver was sent. Defendant Little was sent a request for waiver on October 12, 2022, and therefore, had until December 12, 2022 to file a responsive pleading. (Doc.

---

[2] https://www.ohsd.uscourts.gov/sites/ohsd/files//Pro%20Se%20Manual%20Aug%202019%20version.pdf

5

#3.) Defendant Little did not file an Answer, nor did he file a motion permitted by Rule 12(b), in lieu of an Answer. Effectively and legally, Defendant little has chosen the "do nothing" option by not answering or filing a Rule 12 motion.

A party who has failed to Answer or otherwise respond to the Complaint, has no legal right to file a motion seeking a stay. Defendant Little has never filed an Answer to the Complaint or to the Amended Complaint in this matter. The legal effect of that failure, is that Defendant Little is not a participant in this case, and has no standing to file a motion seeking a stay of the proceedings; he is in default. *See* Fed. R. Civ. P. 55. Unless and until Defendant Little appropriately responds to the Amended Complaint in this matter, his Motion for Stay of Proceedings cannot properly be considered by this Court. Defendant Little's Motion to Stay should be stricken from the record, and this Court's Order granting the Motion should be vacated, allowing the parties to respond to the Complaint and discovery to commence.

### III.   MOTION FOR RECONSIDERATION

In the event this Court believes Defendant Little was permitted to file a Motion to Stay, despite not responding to the Complaint, Plaintiff seeks reconsideration of this Court's decision granting a stay of the entire proceedings requested by Defendant Little. "Every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). While there is no Rule of Civil Procedure expressly providing for Motions for Reconsideration, "a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment." *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979). Rule 59(e) permits reconsideration when, *inter alia*, there is a clear error of law. *Gencorp., Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).

6

Here, reconsideration should be granted pursuant to Rule 59(e), as Defendant Little's Motion was not properly before this Court, as set forth *supra*, and Plaintiff was not provided an opportunity to respond to the request for a stay. Because this Court did not consider Plaintiff's arguments prior to issuing its Order, it necessarily could not employ the balancing factors set forth by Federal courts for evaluating a requested stay of proceedings. Thus, this Court's Order granting a stay of proceedings one business day after the Motion was filed, without Plaintiff having an opportunity to respond, and without analyzing and balancing the factors relating to a stay, amounts to a clear error of law.

Plaintiff's argument against the requested stay, and her position relative to the factors used in the balancing test, are set forth herein.

### A. Defendant Little's Motion to Stay Proceedings Should Be Denied

Defendant Little's Motion seeks a stay of these civil proceedings, due to him being charged with the crime of sexual battery. As this Court has held, and Defendant Little notes in his Motion, "[a] stay of civil proceedings due to a pending criminal investigation is "an **extraordinary remedy**.'" *United States v. Ogbazion*, No. 3:12-cv-95, 2012 U.S. Dist. LEXIS 136016, *2 (S.D. Ohio Sep. 24, 2012)(emphasis added), citing *Louis Vuitton v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012); *see also Crawford & Sons, Ltd. v. Besser*, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004). Further, the Supreme Court has made clear, "[t]he constitution [ ] does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980), citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976).

This Court has discretion to issue a stay of the proceedings, delay discovery, or impose protective orders and conditions "when the interests of justice seem to require such action." *United States SEC v. Abdallah*, 313 F.R.D. 59, 64 (N.D. Ohio 2016). Ultimately, "the decision to stay a case requires an *examination* of the specific circumstances, *taking into account the*

7

*competing interests* involved." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (emphasis added). Because a stay is such an extraordinary remedy, the party seeking the stay bears "the burden…to show that there is a *pressing need for the delay*." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014)(quotation marks and citation omitted)(emphasis added).

In this case, there is no appropriate basis upon which this Court should grant a stay of this *entire* case. In fact, as Defendant acknowledges in his Motion, Federal courts have consistently held that the Fifth Amendment's protection *does not require* a stay of proceedings. The same is true in this case; a stay of the entire proceedings is inappropriate, when evaluating the factors Federal courts utilize in weighing a stay of proceedings due to a criminal matter, including Fifth Amendment considerations.

### B. Defendant Little's Fifth Amendment considerations do not weigh in favor of a stay of proceedings.

"A Defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-26 (9th Cir. 1995), *cert. denied*, 516 U.S. 827 (1995). The reality is, that a criminal defendant may be forced to risk disadvantage in a civil case, by virtue of *his or her decision* to refuse to testify in the civil case. This is consistent with pronouncements of the Supreme Court, which found *no unconstitutional infringement of the Fifth Amendment privilege* by forcing an individual to risk disadvantage in a civil or administrative case by refusing to provide material facts for fear of self-incrimination in a pending criminal case. *See Baxter*, 425 U.S. 308.

While consideration of Fifth Amendment interests are important, the court "also must ensure that the *opposing party is not unduly disadvantaged*." *Rothstein v. Steinberg*, No. 5:08CV0673, 2008 U.S. Dist. LEXIS 107989, at *8 (N.D. Ohio Dec. 23, 2008)(emphasis added), quoting *Serafino*

8

*v. Hasbro, Inc.*, 82 F.3d 515, 518 (1st Cir. 1996). The law is clear: Defendant Little does not have "an absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Ogbazion*, at *5, quoting *Rothstein*, at *4; *see also United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983)(a stay is not appropriate "even though the pendency of the criminal action 'force[s] him to choose between preserving his privilege against self-incrimination and losing the civil suit.'")

Defendant Little argues that a stay eliminates the risk of his Fifth Amendment privilege being "undermined" or the risk that criminal discovery may exceed the scope of Fed. R. Crim. P. 16, thus prejudicing him in the criminal matter. First of all, Federal Criminal Rule 16 has no applicability, as Defendant Little faces criminal charges in Ohio state court. Nevertheless, his stated concern about the "scope" of criminal discovery would exist in *any* case in which a civil defendant was also a criminal defendant. However, concern for Defendant Little not being "disadvantaged" in the criminal matter, is not sufficient grounds to justify staying an entire civil case, with numerous parties, claims, and issues on which discovery may proceed, irrespective of issues unique to Defendant Little.

While Defendant Little may suffer some disadvantage if this civil case proceeds, that is a burden the courts have recognized as a known and accepted consequence of asserting one's Fifth Amendment privilege. *See Baxter*, 425 U.S. at 318 (recognizing that adverse inferences may be drawn against the party invoking the privilege in the civil or administrative action, without violating the Constitution). Simply because Defendant Little has a privilege against being compelled to testify, does not mean that all actions or litigation which relate to him must cease. Defendant Little may opt to exercise his Fifth Amendment rights, but that decision has consequences, well-recognized by Federal courts. Defendant Little is attempting to use the Fifth

9

Amendment privilege as pretext to improperly seek an *indefinite* delay of these proceedings, which involve numerous other parties without any Fifth Amendment concerns.

> C. **The factors used by Federal courts weigh against granting a stay of this civil case.**

In deciding whether to grant the "extraordinary remedy" of a stay, trial courts look to the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil ease; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*E.M.A. Nationwide, Inc.*, 767 F.3d at 627, citing *Chao*, 498 F. Supp. 2d at 1037. These factors, when considering more than Defendant Little's interests, weigh against staying these proceedings.

> 1. *The issues in this case are far broader than those in the criminal case, and the overlap is minimal.*

The Amended Complaint in this matter asserts nine (9) counts, against eight (8) Defendants. For Defendant Little to say that this case is solely about the same allegations against him in the criminal matter, diminishes the role that seven (7) other Defendants had in allowing the abuse of Plaintiff to both occur, and continue unimpeded for years. While the allegations in the criminal matter form the basis for *some* claims in this case (such as Count V: Civil Assault and Battery, which is only asserted against Defendant Little), there are numerous claims in this case that relate to acts or omissions by the Defendants which have nothing to do with the criminal charges of sexual battery. For example:

- Counts I and II assert Title IX and § 1983 claims against the Defendants, for deliberate indifference to actual or constructive knowledge of Defendant Little's inappropriate behavior for many years leading up to his abuse of Plaintiff herein. Those claims do not overlap with the criminal case.

10

- Count III asserts a § 1983 claim against the District and Board for its established policies and procedures of action and inaction, which allowed Defendant Little's inappropriate behavior to persist. This claim does not overlap with the criminal case.

- Count IV asserts a § 1983 claim against ODE, for its failures to properly investigate allegations against Defendant Little, and its deliberate indifference to clear signs of him committing sexual abuse of students. This claim does not overlap with the criminal case.

- Count VII asserts Negligence claims against Defendants for failing to act on information relating to Defendant Little's abuse of students, and for failing to report those allegations to appropriate parties. Likewise, this claim does not overlap with the criminal case.

These are just a few examples of issues that exist in the civil case, but not in the criminal case. *Some* overlap between the cases does not warrant the civil case being put on a complete pause while the single issue of "sexual battery by Defendant Little" is litigated in the criminal matter. Discovery in this case can proceed on numerous claims and issues, involving numerous Defendants, without ever "overlapping" the issue in the criminal case, or otherwise implicating Defendant Little's Constitutional rights under the Fifth Amendment.

The "overlap of issues" factor weighs against a stay of these proceedings.

    2.    *Only Defendant Little has been criminally indicted.*

While Defendant Little has been criminally indicted, and this factor may weigh in favor of a stay *as to discovery of Defendant Little*, this Court must recall that he is not the only Defendant in this case, nor are all claims asserted in Plaintiff's Amended Complaint asserted against Defendant Little. *See supra*. In fact, of the nine counts in the Amended Complaint, only five are asserted against Defendant Little (among others) and only one is asserted against *solely* Defendant Little. The remaining claims, which are not at issue in the criminal matter, are asserted against ODE, the District and Board, and numerous other administrators of the District. None of those individuals has been criminally indicted, and each should be subject to

11

discovery in this matter, not granted a stay of the entire proceeding as a result of Defendant Little being arrested. An indictment of Defendant Little does not inhibit Plaintiff's ability to conduct discovery in this case as it relates to the additional claims and Defendants, which discovery will not implicate Defendant Little's rights in the criminal matter.

Defendant Little points to the current criminal trial date of February 7, 2023, and notes the "case will likely be quickly resolved due to Speedy Trial Act considerations." (Doc #16, at 4.) Both of these statements are disingenuous and misleading. First, the trial will not likely go forward on February 7, 2023, given Defendant Little's pending request for a continuance of the criminal trial date. Further, Defendant Little's reference to the "Speedy Trial Act" is wholly misplaced, as that law applies to the various stages of completing a *Federal* criminal prosecution, not his state law criminal charges. In reality, staying these proceedings will result in an *indefinite* delay, which weighs against a stay.

> 3. *The Plaintiff has a strong interest in proceeding expeditiously, as opposed to the indefinite length of the delay requested by Defendant Little.*

As Defendant Little acknowledges in his Brief, "[t]he most important factor is the balance of the hardships…" on the parties. (Doc #16, at 2.) Despite this being the most important factor, Defendant Little provides no explanation of how Plaintiff's interests in this litigation weigh against a stay, instead deferring to this Court's analysis. Because Plaintiff was not given the opportunity to respond to Defendant Little's Motion, this Court was not able to consider the Plaintiff's interests, and thus, this "most important factor" was not properly evaluated. Therefore, Plaintiff asks this Court to consider her interests in this case proceeding expeditiously.

While Defendant Little emphasizes the early stage of this case, he is "effectively asking [] to stay the [] case indefinitely[.]" *Newell v. Cty. of Wayne*, No. 12-CV-14928, 2013 U.S. Dist. LEXIS

123121, 2013 WL 4613613, at *5 (E.D. Mich. Aug. 29, 2013) (denying motion to stay civil case pending "resolution" of criminal action). As this Court has stated, "indefinite stays are disfavored." *Smith v. FirstEnergy Corp.*, No. 2:20-cv-3755, 2021 U.S. Dist. LEXIS 26140, at *7 (S.D. Ohio Feb. 11, 2021).

An indefinite stay of these proceedings would be extremely inconvenient and highly prejudicial to Plaintiff. It would be a perversion of justice to allow a civil defendant who is also criminally liable to add further insult to injury by *indefinitely* denying his victim recourse in the civil justice system. Similarly, justice is not served by allowing Defendant Little's criminal indictment to provide protection to the co-Defendants from this civil case proceeding. As Defendant Little notes, the behavior he engaged in with Plaintiff was in 2018-2020 (three to five years ago). Now that Plaintiff has found strength to come forward about Defendant Little's abuses, ***he wants to silence her yet again***, and put his own interests first again, this time by and through this Court. Furthermore, the allegations against Defendants in this case (not just Defendant Little) include failures ongoing for well over a decade. An indefinite delay of these proceedings poses a risk, due to the loss of evidence to support Plaintiffs' claims from the passage of time. Memories will fade, witnesses will disappear, and documentary evidence will be at risk of being lost, should this case sit idle.

The ***inconvenience and prejudice to Plaintiff is paramount*** and weighs ***heavily*** against a stay of these proceedings.

> 4. *Refusing to stay these proceedings imposes no significant burden on the Defendants.*

Defendant Little makes the absurd argument that allowing this civil case to proceed could result in Plaintiff obtaining discovery in violation of the Fifth Amendment. Defendant Little clearly misunderstands the Fifth Amendment; the only way discovery could "violate" the

13

Fifth Amendment, is if Defendant Little himself made the decision not to assert those rights (which would not be a violation by Plaintiff, but a voluntary waiver by Defendant Little). Neither Plaintiff, nor this Court, can compel Defendant Little to "violate" his Fifth Amendment rights, even if the stay is denied.

Defendant Little also complains that the outcome of his criminal case "could conceivably have profound impacts" on his strategy in this case. Regardless of the truth of such a broad, vague, and speculative assertion, such does not warrant a stay of the civil case in its entirety, nor can Defendant Little provide this Court with any legal authority supporting same. Nothing in Federal jurisprudence permits a criminal defendant to 'protect his strategy' in the civil case, by refusing to participate until a related criminal matter is complete. He has a *choice* to assert the Fifth Amendment privilege, or not. That is all the Constitution requires, even if it harms his 'strategy' in civil litigation. *See Baxter*, 425 U.S. 308.

As to the other Defendants, who have not been indicted, the burden of proceeding with discovery in this civil case is non-existent. "Their obligation to cooperate in the litigation and discovery process remains the same" regardless of Defendant Little's indictment. *Superior Home Mortg., LLC v. Marbury*, No. 119CV01056, 2020 U.S. Dist. LEXIS 66255 (W.D. Tenn. Apr. 15, 2020)(staying discovery as to only the indicted defendant).

Thus, considering the Defendants' respective interests and burdens relating to this civil litigation, this factor weighs against a stay.

> 5. *The interests of this Court favor this matter proceeding, rather than being stayed indefinitely.*

The Federal Rules of Civil Procedure exist "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Further, this factor should consider the Court's "docket management and the expeditious resolution of cases." *Chao*, 498 F.

14

Supp. 2d. at 1039. Given this Court's extremely busy docket and the general interest in moving civil cases forward on a timely basis, the interests of the Court clearly weigh against a stay of these proceedings. "The convenience of the courts is best served when motion to stay proceedings are discouraged." *Smith v. FirstEnergy*, 2021 U.S. Dist. LEXIS 26140 at *11.

Allowing this case to sit idle on the civil docket of this Court for (likely) years while Defendant Little works through his criminal proceedings would result in *significant* delay and damage to the Court's ability to perform its role of ensuring the timely administration of justice. With the passage of time, the potential discovery disputes will only get more complex, as witnesses will fail to retain pertinent testimony and the parties will have to take additional efforts to preserve evidence for *eventual discovery*. There are numerous claims and issues in this case, on which discovery can proceed, which will have no bearing whatsoever on the criminal charges of "sexual battery." Discovery on those issues will not be impacted by the resolution of the criminal case involving Defendant Little.

Further, the length of the stay requested by Defendant Little is almost dispositive of the issue regarding a stay, as he seeks an *indefinite* stay of these proceedings. When "Defendants essentially ask to stay [ ] proceedings indefinitely, and 'this matter would languish on the court's docket'" this weighs against a stay. *Id.*, quoting *Mooney v. Wallace*, No. 04-1190-T-P, 2005 U.S. Dist. LEXIS 50991, at *5 (W.D. Tenn. Apr. 1, 2005). While Defendant Little may claim it's only a "short" delay, this ignores the reality of the criminal litigation process, especially in the event of a conviction. Defendant Little cannot provide this Court with any evidence of when such "resolution" of the criminal matter will *likely* occur. As Defendant Little states in his Motion, he denies the allegations levied against him. Thus, a criminal trial will be necessary, and in the event of a conviction, appeals are likely. The end of his criminal matter is far from "in sight," especially in light of Defendant Little's request for a continuance of the criminal trial.

This Court is not at all served by allowing this matter to sit quietly for years, while Plaintiff and all of the Defendants (not just Defendant Little) wait idly by for Defendant Little's criminal proceedings (and appeals thereof) to resolve. The interest of the Court clearly weigh against a stay of these proceedings.

      6.      *The public interest supports the timely administration of civil justice.*

The public's interest in learning the truth about the allegations in the Complaint certainly weighs against a stay of these proceedings. The Bloom-Carroll community was rocked by the arrest of Defendant Little, and rightfully has numerous questions about who in the administration (Defendants) knew about Defendant Little's history of this behavior. The public certainly has no interest in a delay of these proceedings, and a delay in learning the truth about their community and school leadership. Defendant Little's assertion that the criminal matter would be "inhibited" by dates and deadlines in this case, is pretext without any legal support.

The allegations in the Complaint are serious, and wide-ranging, covering over a decade of time in the Bloom-Carroll community. The public interest is not served *in any way, shape, or form* by delaying these proceedings, nor can Defendant Little provide this Court with *any support* for such an assertion. The public's confidence in the judicial system depends on the timely administration of justice to litigants, including those seeking civil redress. Their rights do not cede to the whims of Defendant Little seeking to indefinitely protract these proceedings years into the future. The public's interest weighs heavily against a stay.

    **D.**    **A stay of discovery as to Defendant Little may be appropriate.**

The crux of Defendant Little's Motion is to prevent him from being forced to both defend himself in this civil case, while protecting his Fifth Amendment rights and defense of the criminal matter. This interest can be served by a more limited "stay" of discovery as it relates to Defendant Little *only*. Alternatively, this Court could simply issue a protective order,

16

preventing discovery of Defendant Little during the pendency of his criminal matter. Such a limited stay or protective order would appropriately balance the competing interests of the parties in this case, permitting Plaintiff to proceed with discovery of the numerous other Defendants in this case, while protecting Defendant Little's rights as a criminal defendant. Therefore, if this Court on reconsideration believes Defendant Little is entitled to some protection in this civil matter, it should be limited only to Defendant Little, rather than freezing the entire litigation indefinitely.

### III. CONCLUSION

Defendant Little's Motion to Stay Proceedings is improper, and should be stricken from the record. He has not filed an Answer or a Rule 12 Motion in response to the Amended Complaint, and therefore, his Motion was not properly before this Court. This Court's Order granting a stay of the proceedings should, therefore, be vacated.

If this Court is unwilling to strike the Motion to Stay and vacate its Order, this Court should reconsider its decision granting a stay, and take Plaintiff's position on the issue into consideration. The factors this Court must evaluate before granting the "extraordinary relief" of stay of these civil proceedings, weigh against a stay. A criminal defendant cannot prohibit civil plaintiffs from conducting *any* discovery of *any* person, party, or thing in a civil case, simply because the criminal defendant may assert the Fifth Amendment. Applying these factors, Defendant Little's extraordinary request for a stay should be denied. If this Court feels Defendant Little is entitled to some relief, a simple stay of discovery of Defendant Little (or a protective order prohibiting same) is a more appropriate remedy, permitting the remainder of this case to proceed with discovery.

Respectfully submitted,

*s/ Craig S. Tuttle*

        Gerald S. Leeseberg (0000928)
        Craig S. Tuttle (0086521)
        John A. Markus (0093736)
        LEESEBERG TUTTLE
        175 South Third Street, Penthouse One
        Columbus, Ohio  43215
        Tel: (614) 221-2223
        Fax: (614) 221-3106
        E-mail: ctuttle@leeseberglaw.com
             jmarkus@leeseberglaw.com
        *Trial Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2022, a copy of the foregoing document was filed via the Court's ECF, which will provide notice of the filing to all counsel of record.

Further, undersigned counsel served a copy of the foregoing upon the following by email only:

Chad Little
10840 Lithopolis Road NW
Canal Winchester, OH 43110
3chad3@gmail.com

        *s/ Craig S. Tuttle*
        Craig S. Tuttle