IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MAKENZEE MASON**, | |
| Plaintiff, | Case No. 2:22-cv-3668 |
| v. | Judge Graham |
| **BLOOM-CARROLL LOCAL SCHOOL DISTRICT, ET AL.** | Magistrate Judge Deavers |
| Defendants. | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Makenzee Mason's motion to strike Defendant Chad Little's motion to stay or, alternatively, motion for reconsideration of this Court's entry granting a stay, Doc. 18.

**I.      Background**

Mason alleges that Little engaged in an inappropriate sexual relationship with her while she was a minor student and varsity girls basketball player at Bloom-Carroll High School ("BCHS") and he the head coach of the BCHS varsity girls basketball team. Little is currently facing criminal charges related to his conduct. On September 20, 2022, Little was charged with four counts of sexual battery in Fairfield County Court of Common Pleas case number 2022-CR-00429. A jury trial is currently set in that case for February 7, 2023.

On September 2, 2022, Mason filed the present civil suit against Little, Bloom-Carroll Local School District, Bloom-Carroll Local School District Board of Education, the Ohio Department of Education, and four BCHS administrators. The complaint contains the following claims: Count I: violation of Title IX against all defendants; Count II: 42 U.S.C. § 1983 against the four administrators and Little; Count III: 42 U.S.C. § 1983 against the Bloom-Carroll Local

1

School District and Board; Count IV: 42 U.S.C. § 1983 against the Ohio Department of Education; Count V: civil assault and battery against Little; Count VI: damages for criminal act against Little; Count VII: negligence against all defendants; Count VIII: intentional infliction of emotional distress against all defendants but for the Ohio Department of Education; Count IX: negligent infliction of emotional distress against all defendants but for the Ohio Department of Education; and Count X: wanton or reckless conduct against the four administrators and Little.

On December 9, 2022, Little moved to "stay all proceedings pending the resolution of the directly-related criminal matter pending in the Fairfield County Court of Common Pleas captioned *State of Ohio v. Chad Little*, 2022 CR 00492."[1] Doc. 16 at 1. On December 12, 2022, the Court granted Little's motion for good cause shown and stayed the proceedings. Doc. 17.

On December 27, 2023, Mason filed a motion to strike Little's motion to stay or, alternatively, to reconsider the grant of stay. Doc. 18. She argues Little could not move for a stay prior to filing a responsive pleading, which he had not. Alternatively, she requests the Court reconsider the stay in light of the arguments presented in her brief. She argues that a stay of the entire case is inappropriate. Little responded to Mason's motion conceding that a stay of the entire case is not necessary. He now requests only a stay of discovery against him until the related criminal matter is resolved. Doc. 20-1 at 2 ("Defendant has no objection to this Court lifting a stay of the entire proceeding, as long as discovery of this Defendant is not permitted until the criminal matter pending in the Fairfield County Court of Common Pleas . . . is completed."). Mason failed to file a reply brief.

---

[1] The Fairfield County Court of Common Pleas docket reveals that Little's criminal case is 2022 CR 00429, not 2022 CR 00492.

## II. Standard of Review

Mason requests reconsideration of the Court's order staying the proceedings. Reconsideration is proper under three circumstances: (1) when there is an intervening change in controlling law; (2) when new evidence is available; or (3) when reconsideration is required to correct a clear error or prevent manifest injustice. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004).

## III. Analysis

As neither party desires a stay of the entire case, the question presently before the Court is whether discovery over Little should be stayed pending resolution of Little's criminal case. The Court will first address whether Little may seek a stay prior to filing a responsive pleading, then will address the merits of a stay.

### A. Ability to Seek a Stay

Mason argues that Little may not seek a stay prior to filing a responsive pleading. Doc. 18 at 5-6. She cites in support a guide produced by this Court titled "Guide for *Pro Se* Civil Litigants," referred to in this Opinion and Order as the "Guide."[2] Doc. 18 at 5. The Guide explains that "[o]nce the defendant is served, several things may happen: the defendant may file an answer, the defendant may file a motion, or the defendant may do nothing." Guide at page 12. The Guide continues that the types of motions that can be filed are those listed in Federal Rule of Civil Procedure 12. *Id.* Mason asserts that because a motion to stay is not a motion under Federal Rule of Civil Procedure 12, the Guide establishes that it may not be filed prior to a responsive pleading.

Mason is mistaken. The Guide provides "a general overview of civil practice and procedure

---

[2] The Guide is available at https://www.ohsd.uscourts.gov/sites/ohsd/files//Pro%20Se%20Manual%20Aug%202019%20version.pdf.

3

in our Court." *Id.* at 3. It is not an exhaustive practice manual. Moreover, Mason cites no supporting law. And contrary to her position, the Court has found several examples where motions to stay were permitted prior to a responsive pleading being filed. *See, e.g., Slone v. Saul*, No. 7:18-CV-052-CHB, 2019 WL 13212715, at *1 (E.D. Ky. July 29, 2019). This is sensible. The Court possesses broad authority to stay litigation. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). There are situations where a stay at the initial stages of litigation is prudent. Litigants are permitted to request, and the Court is permitted to consider, a stay in such circumstances.

### B. Merits of Stay of Discovery

District courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp.2d 1034, 1037 (W.D. Mich. 2007)). In making this determination, district courts balance six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* District courts should also consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.* (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* (quoting *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)).

The first factor weighs strongly in favor of a stay. This factor is regarded as "the most important factor" because '[i]f there is no overlap, then there would be no danger of self-incrimination and no need for a stay." *Chao*, 498 F. Supp. 2d at 1039 (quoting *Metzler v. Bennett*, No. 97-CV-148 (RSP/GJD), 1998 WL 187454, at *6 (N.D.N.Y. Apr. 15, 1998)). Here, the extent of overlap between the civil claims and criminal charges against Little is great. Little faces eight civil claims in the pending action, all premised on his alleged sexual relationship with Mason. Little's criminal charges of sexual battery are premised on the same factual allegation. Therefore, the extent of overlap weighs in favor of granting a stay of discovery over Little.

The second factor likewise favors a stay of discovery over Little.

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.

*F.T.C.*, 767 F.3d at 628 (quoting *Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mechanical*, 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995)). Little was indicted on September 29, 2022 and a jury trial is presently scheduled for February 7, 2023. Therefore, a stay of discovery may be appropriate to prevent forcing Little into situations where he may make incriminating statements.

The third factor weighs against a stay. Mason alleges that Little lured her into an inappropriate sexual relationship. She is justified in wanting the case to proceed expeditiously. However, a mere delay in discovery over Little will not significantly prejudice her. She can continue the proceeding against the other defendants unimpeded. Moreover, the stay of discovery is for a limited duration. It will end at the conclusion of the criminal case against Little. Yet, the delay is still notable, especially because the Court cannot say with certainty when Little's criminal case will conclude.

The fourth factor weighs in favor of a stay. Defendant would be significantly burdened if discovery is not stayed. "[R]equring Defendants to choose between asserting their Fifth Amendment rights (thereby subjecting themselves to the very real possibility of adverse inferences) and defending themselves in this action imposes a substantial burden upon Defendants." *Chao*, 498 F. Supp.2d at 1039. Little's burden is especially severe because he is traversing this civil litigation without the assistance of counsel.

Finally, the fifth and sixth factors favor a stay. Courts have an interest in "docket management and the expeditious resolution of cases." *Id.* at 1040. The public has an interest in an effective criminal prosecution. *United States Sec. & Exch. Comm'n v. Abdallah*, 313 F.R.D. 59, 64 (N.D. Ohio 2016). This interest generally outweighs any existing civil interests. *Id.* If Little is required to simultaneously defend both his criminal charges and this case, it may cause delays to both. He may be required to request otherwise unnecessary continuances in his criminal case and may request case management deadline extensions here. Further, Little's criminal proceeding may render some discovery in this case unnecessary, preserving the resources of both the parties and this Court.

On balance, the Court finds that a stay of discovery against Little is appropriate. Mason appears to agree. Doc. 18 at 17 ("Such a limited stay . . . would appropriately balance the competing interests of the parties in this case, permitting Plaintiff to proceed with discovery of the numerous other Defendants in this case, while protecting Defendant Little's rights as a criminal defendant.").

## IV. Conclusion

Mason's motion for reconsideration, Doc. 18, is **GRANTED IN PART**. The Court's order granting stay, Doc. 17, is **VACATED**. Discovery over Little is stayed pending resolution of Fairfield County Court of Common Pleas case number 2022 CR 00429.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: January 26, 2023