**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MAKENZEE MASON,** | * | **CASE NO. 2:22-cv-3668** |
| **Plaintiff,** | | **Judge James L. Graham** |
| v. | * | **Magistrate Judge Elizabeth Preston Deavers** |
| **BLOOM-CARROLL LOCAL SCHOOL DISTRICT, et al.** | | |
| **Defendants.** | * | |

**ANSWER OF DEFENDANTS BLOOM-CARROLL LOCAL SCHOOL DISTRICT, BLOOM-CARROLL LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, SHAWN HAUGHN, NATHAN CONRAD, JAN WISECARVER, AND CYNTHIA FREEMAN TO PLAINTIFF'S AMENDED COMPLAINT**

*JURY DEMAND ENDORSED HEREON*

For their Answer to Plaintiff's Amended Complaint, Defendants Bloom-Carroll Local School District, Bloom-Carroll Local School District Board of Education, Shawn Haughn, Nathan Conrad, Jan Wisecarver, and Cynthia Freeman ("Defendants"), state as follows:

**FIRST DEFENSE**

1. Defendants admit the allegations contained in paragraph 1 of Plaintiff's Amended Complaint

2. Answering paragraph 2 of Plaintiff's Amended Complaint, Defendants admit that the Bloom-Carroll School District Board of Education ("Board") is a political subdivision located within Fairfield County, Ohio. Defendants further admit that Bloom-Carroll High School ("BCHS") is a building within the Bloom-Carroll Local School District ("District"). However, Defendants deny that the District is a legal entity capable of being sued. Any remaining allegations contained in paragraph 2 are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not true.

3. Answering paragraph 3 of Plaintiff's Amended Complaint, Defendants state that Haughn resides in Fairfield County and is employed as Superintendent by the Board, not the District. Any remaining allegations contained in paragraph 3 are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not true.

4. Answering paragraph 4 of Plaintiff's Amended Complaint, Defendants state that Little was employed by the Board, not the District. Defendants admit Little was the Athletic Director and Girls High School Basketball Coach. Any remaining allegations contained in paragraph 4 are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not true.

5. Answering paragraph 5 of Plaintiff's Amended Complaint, Defendants state that Conrad resides in Fairfield County and is employed by the Board, not the District, and that he served as Principal at BCHS. Any remaining allegations contained in paragraph 5 are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not true.

6. Answering paragraph 6 of Plaintiff's Amended Complaint, Defendants state that Wisecarver resides in Fairfield County and is employed by the Board, not the District, and that he served as Assistant Principal at BCHS. Any remaining allegations contained in paragraph 6 are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not true.

7. Answering paragraph 7 of Plaintiff's Amended Complaint, Defendants state that Freeman resides in Fairfield County and is employed by the Board, not the District, and that she served as Title IX Coordinator. Any remaining allegations contained in paragraph 7 are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not true.

8. Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint for the reasons they are without knowledge or information sufficient to form a belief as to the truth of the allegation, they are not directed toward these answering Defendants, or they are not true.

9. Defendants admit the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10. Answering paragraph 10 of Plaintiff's Amended Complaint, Defendants admit the Defendants reside within Fairfield County, Ohio and that Plaintiff alleges conduct occurring in Fairfield County, Ohio. Any remaining allegations contained in paragraph 10 are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not true.

11. Answering paragraph 11 of Plaintiff's Amended Complaint, Defendants admit that Plaintiff, born April 5, 2002, was a student at BCHS from 2016 through her graduation in 2020.

12. Answering paragraph 12 of Plaintiff's Amended Complaint, Defendants state there are no factual allegations necessitating an admission or denial and that the legal standards regarding duty of care speak for themselves. Any remaining allegations contained in paragraph 12 are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not true.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

13. Defendants admit paragraphs 13 and 14 of Plaintiff's Amended Complaint.

14. Defendants deny the allegations contained in paragraphs 15, 16, 17, and 18 of Plaintiff's Amended Complaint for the reasons they are without knowledge or information sufficient to form a belief as to the truth of the allegation, they are not directed toward these answering Defendants, or they are not true.

15. Answering paragraph 19 of Plaintiff's Amended Complaint, Defendants state that Board policies speak for themselves.

16. Defendants deny the allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

17. Defendants deny the allegations contained in paragraphs 21, 22, 23, 24, 25, 26, 27, and 28 of Plaintiff's Amended Complaint for the reasons they are without knowledge or information sufficient to form a belief as to the truth of the allegation, they are not directed toward these answering Defendants, or they are not true.

18. Defendants deny the allegations contained in paragraphs 29 and 30 of Plaintiff's Amended Complaint.

19. Answering paragraph 31 of Plaintiff's Complaint, Defendants admit that Little was reprimanded in 2013 regarding text messages with a student-athlete. The Defendants further admit that, in 2018, a report was made to the Ohio Department of Education ("ODE") regarding a student living in Little's home with the parent's permission. The Defendants further admit that, in 2019, a complaint was made regarding Plaintiff's text messages to Little. Further answering, Defendants state that the aforementioned instances were investigated by the District and ODE. Any remaining allegations contained in paragraph 31, including subparts, are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not true.

20. Defendants deny the allegations contained in paragraphs 32, 33, 34, 35 and 36 of Plaintiff's Amended Complaint for the reasons they are without knowledge or information sufficient to form a belief as to the truth of the allegation, they are not directed toward these answering Defendants, or they are not true.

21. Answering paragraph 37 of Plaintiff's Amended Complaint, Defendants admit Haughn was aware of a security breach in ODE's system around 2020. Any remaining allegations contained in paragraph 37 are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not

22. Defendants deny the allegations contained in paragraphs 38, 39, 40, 41, 42, 43, 44, and 45 of Plaintiff's Amended Complaint for the reasons they are without knowledge or information sufficient to form a belief as to the truth of the allegation, they are not directed toward these answering Defendants, or they are not true.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

23. Answering paragraphs 46 and 47 of Plaintiff's Amended Complaint, Defendants state that the powers of the Board are governed by Ohio Revised Code Chapter 3313. Further answering, Defendants admit the Board has final authority for hiring employees. Defendants further admit that the Board is responsible for promulgating Board policies. Any remaining allegations contained in paragraphs 46 and 47 are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not true.

24. Defendants deny the allegations contained in paragraph 48 of Plaintiff's Amended Complaint for the reasons they are without knowledge or information sufficient to form a belief as to the truth of the allegation, they are not directed toward these answering Defendants, or they are not true.

25. Answering paragraph 49 of Plaintiff's Amended Complaint, Defendants state that R.C. 2151.421 speaks for itself.

26. Defendants deny the allegations contained in paragraphs 50, 51 and 52 of Plaintiff's Amended Complaint.

27. Answering paragraph 53 of Plaintiff's Amended Complaint, Defendants admit the Board is a recipient of federal funding. Any remaining allegations contained in paragraph 53 are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not true.

28. Defendants respond to the incorporated allegations in paragraph 54 of Plaintiff's Amended Complaint in the same manner and to the same extent they have responded to those allegations in this Answer.

29. Defendants admit the allegations contained in paragraph 55 of Plaintiff's Amended Complaint.

30. Answering paragraph 56 of Plaintiff's Amended Complaint, Defendants admit the Board is a recipient of federal funding and is subject to Title IX. Any remaining allegations contained in paragraph 56 are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not true.

31. Defendants deny the allegations contained in paragraphs 57, 58, 59, 60, 61, 62, 63, 64, and 65 of Plaintiff's Amended Complaint.

32. Answering paragraphs 66 and 67 of Plaintiff's Amended Complaint, Defendants state that the requirements under Title IX speak for themselves. Further answering, Defendants deny any violation of Title IX.

33. Defendants deny the allegations contained in paragraphs 68, 69, 70, 71, 72, and 73 of Plaintiff's Amended Complaint.

34. Answering paragraph 74 of Plaintiff's Amended Complaint, Defendants state that the statutes speak for themselves.

35. Defendants deny the allegations contained in paragraph 75 of Plaintiff's Amended Complaint.

36. Defendants respond to the incorporated allegations in paragraph 76 of Plaintiff's Amended Complaint in the same manner and to the same extent they have responded to those allegations in this Answer.

37. These Answering Defendants deny the allegations contained in paragraphs 77, 78, 79, 80, 81, and 82 of Plaintiff's Amended Complaint.

38. Answering paragraph 83 of Plaintiff's Amended Complaint, Defendants state that the statutes speak for themselves.

39. These Answering Defendants deny the allegations contained in paragraphs 84, 85, and 86 of Plaintiff's Amended Complaint.

40. Defendants respond to the incorporated allegations in paragraph 87 of Plaintiff's Amended Complaint in the same manner and to the same extent they have responded to those allegations in this Answer.

41. Defendants deny the allegations contained in paragraphs 88, 89, 90, 91, 92, and 93 of Plaintiff's Amended Complaint.

42. Answering paragraph 94 of Plaintiff's Amended Complaint, Defendants state that the statutes speak for themselves.

43. Defendants deny the allegations contained in paragraphs 95, 96, and 97 of Plaintiff's Amended Complaint.

44. Defendants respond to the incorporated allegations in paragraph 98 of Plaintiff's Amended Complaint in the same manner and to the same extent they have responded to those allegations in this Answer.

45. Defendants deny the allegations contained in paragraphs 99, 100, 101, 102, 103, 104, 105, 106, and 107 of Plaintiff's Amended Complaint for the reasons they are without knowledge or information sufficient to form a belief as to the truth of the allegation, they are not directed toward these answering Defendants, or they are not true.

46. Defendants respond to the incorporated allegations in paragraph 108 of Plaintiff's Amended Complaint in the same manner and to the same extent they have responded to those allegations in this Answer.

47. Answering paragraphs 109 and 110 of Plaintiff's Amended Complaint, , Defendants state that Little was employed by the Board, not the District. Defendants admit Little was the Athletic Director and Girls High School Basketball Coach. Any remaining allegations contained in paragraphs 109 and 110 are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not true. Defendants deny the allegations contained in paragraphs 111 and 112 of

Plaintiff's Amended Complaint for the reasons they are without knowledge or information sufficient to form a belief as to the truth of the allegation, they are not directed toward these answering Defendants, or they are not true.

48. Defendants respond to the incorporated allegations in paragraph 113 of Plaintiff's Amended Complaint in the same manner and to the same extent they have responded to those allegations in this Answer.

49. Defendants deny the allegations contained in paragraphs 114, 115, 116, and 117 of Plaintiff's Amended Complaint for the reasons they are without knowledge or information sufficient to form a belief as to the truth of the allegation, they are not directed toward these answering Defendants, or they are not true.

50. Defendants respond to the incorporated allegations in paragraph 118 of Plaintiff's Amended Complaint in the same manner and to the same extent they have responded to those allegations in this Answer.

51. Defendants deny the allegations contained in 119 and 120 of Plaintiff's Amended Complaint.

52. Answering paragraph 121 of Plaintiff's Amended Complaint, Defendants state that R.C. 2151.421 speaks for itself. Any remaining allegations contained in paragraph 121 are denied for lack of knowledge or information sufficient upon which to form a belief as to the truth of the matters asserted or because they are not true.

53. Defendants deny the allegations contained in 122, 123, 124, 125, 126, 127, and 128 of Plaintiff's Amended Complaint.

54. Defendants respond to the incorporated allegations in paragraph 129 of Plaintiff's Amended Complaint in the same manner and to the same extent they have responded to those allegations in this Answer.

55. Defendants deny the allegations contained in 130, 131, and 132 of Plaintiff's Amended Complaint.

56. Defendants respond to the incorporated allegations in paragraph 133 of Plaintiff's Amended Complaint in the same manner and to the same extent they have responded to those allegations in this Answer.

57. Defendants deny the allegations contained in 134, 135, 136, and 137 of Plaintiff's Amended Complaint.

58. Defendants deny all allegations contained in Plaintiff's Amended Complaint that are not specifically admitted herein to be true.

## SECOND DEFENSE

59. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

60. The District is not a legal entity capable of being sued.

### FOURTH DEFENSE

61. Defendants are entitled to absolute or qualified immunity with respect to the claims set forth in Plaintiff's Amended Complaint.

### FIFTH DEFENSE

62. Defendants are entitled to the privileges, immunities and setoffs accorded to them by virtue of the doctrine of qualified or conditional privilege, or accorded to them pursuant to statutory immunity set forth in R.C. 2744.01 et seq., and/or other state and/or federal Constitutions, statutes and/or the common law.

### SIXTH DEFENSE

63. Plaintiff's injuries and damages, if any, were solely and proximately caused by the criminal, tortious, and/or intentional acts of Defendant Little for which Defendants are not legally responsible.

### SEVENTH DEFENSE

64. Plaintiff's injuries and damages, if any, were directly or proximately caused by the acts and/or omissions and/or intervening, superseding negligence of others over whom Defendants did not exercise direction or control and for whom Defendants are not liable.

### EIGHTH DEFENSE

65. Defendants state that at all times they acted reasonably, in good faith, and without malice.

### NINTH DEFENSE

66. Plaintiff is not the real party in interest as to any and all subrogated claims, which claims belong to the subrogated parties and may not be presented by Plaintiff, and Defendants are not liable for any subrogated or subrogation claims pursuant to R.C. 2744.01, et seq.

### TENTH DEFENSE

67. Plaintiff may have failed to mitigate her alleged damages, which damages are expressly denied.

### ELEVENTH DEFENSE

68. Punitive damages may not be awarded against Defendants.

**TWELFTH DEFENSE**

69. Plaintiff's right to damages are limited by R.C. Chapter 2744.

**THIRTEENTH DEFENSE**

70. Plaintiff's claims are barred due to lack of standing.

**FOURTEENTH DEFENSE**

71. Plaintiff has failed to join all necessary and proper parties as required by Rules 19 of the Federal Rules of Civil Procedure.

**FIFTEENTH DEFENSE**

72. Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver, unclean hands, and any other equitable defense.

**SIXTEENTH DEFENSE**

73. Without waiving any defenses, Defendants cannot be found to have violated Title IX because the Board had policies designed to prevent and correct harassment and, at all times took prompt and effective action in response to reports of such conduct.

**SEVENTEENTH DEFENSE**

74. Defendant relied on the advice of counsel when addressing issues related to Plaintiff's claims.

**EIGHTEENTH DEFENSE**

75. Plaintiff's claims are barred by the applicable statutes of limitation.

**NINETEENTH DEFENSE**

76. Defendants incorporate by reference all affirmative defenses not already stated herein that are available or potentially available under Fed.R.Civ.P. 8(c) and 12(b).

**TWENTIETH DEFENSE**

77. Defendants reserve the right to assert additional affirmative defenses which may become known as discovery progresses or due to a change in the law.

WHEREFORE, Defendants Bloom-Carroll Local School District, Bloom-Carroll Local School District Board of Education, Shawn Haughn, Nathan Conrad, Jan Wisecarver, and Cynthia Freeman request that Plaintiff's Amended Complaint be dismissed with prejudice, and that the Defendants be awarded their costs and reasonable attorney fees, and all other relief, legal or equitable, to which they are entitled.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

                          */s/ Bartholomew T. Freeze*
                          Bartholomew T. Freeze (0086980)
                          FREUND, FREEZE & ARNOLD
                          Capitol Square Office Building
                          65 E. State Street, Suite 800
                          Columbus, OH  43215-4247
                          (614) 827-7300; (614) 827-7303 (fax)
                          bfreeze@ffalaw.com
                          *Counsel for Defendants Bloom-Carroll Local School District, Bloom-Carroll Local School District Board of Education, Shawn Haughn, Nathan Conrad, Jan Wisecarver, and Cynthia Freeman*

                          =and=

                          Sandra R. McIntosh (0077278)
                          Derek L. Haggerty (0086312)
                          SCOTT SCRIVEN LLP
                          250 E. Broad St., Suite 900
                          Columbus, OH 43215
                          (614) 222-8686; (614) 222-8688 (fax)
                          sandra@scottscrivenlaw.com
                          derek@scottscrivenlaw.com
                          *Counsel for Defendants Bloom-Carroll Local School District and Bloom-Carroll Local School District Board of Education*

## **JURY DEMAND**

      To the extent any issues identified in Plaintiff's Amended Complaint are subject to trial by jury, Defendants demand the same.

                          */s/ Bartholomew T. Freeze*
                          Bartholomew T. Freeze (0086980)

## **CERTIFICATE OF SERVICE**

    A true and accurate copy of the foregoing was served this 3rd day of February, 2023, via the Court's electronic filing system, electronic and/or regular U.S.P.S. mail, upon:

| | |
|---|---|
| Gerald S. Leeseberg<br>Craig S. Tuttle<br>John A. Markus<br>LEESEBERG TUTTLE<br>175 S. Third Street, Penthouse One<br>Columbus, Ohio 43215<br>gsl@leesebergvalentine.com<br>ctuttle@leeseberglaw.com<br>jmarkus@leeseberglaw.com<br>*Counsel for Plaintiff* | Kaitlyn M. Kachmarik<br>Office of the Ohio Attorney General<br>30 E. Broad Street, 16th Floor<br>Columbus, OH 43215<br>Kaitlyn.Kachmarik@OhioAGO.gov<br>*Attorneys for Defendant, Ohio Department of Education*<br><br>Chad Little<br>10840 Lithopolis Road NW<br>Canal Winchester, Ohio 43110<br>*Defendant* |

    */s/ Bartholomew T. Freeze*
    Bartholomew T. Freeze (0086980)

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**